463 P.2d 536

**BOARD OF SUPERVISORS, PIMA COUNTY, et al., Appellants,**

v.

**Roy Alan ROBINSON, for himself and others similarly situated, Appellee.**

**No. 9790–PR.**

Supreme Court of Arizona.

In Banc.

Jan. 9, 1970.

Rehearing Denied Feb. 10, 1970.

Gary K. Nelson, Atty. Gen., by Sandra D. O'Connor, Asst. Atty. Gen., Phoenix, and Wm. J. Schafer, III, Pima County Atty., by Rose Silver, Chief Civil Deputy County Atty., Tucson, for appellants.

Anthony B. Ching, Chief Trial Counsel, Legal Aid Society of the Pima County Bar Association, Tucson, for appellee.

UDALL, Justice:

This is a class action brought by plaintiff to enjoin the Pima County Board of Supervisors from enforcing the one-year residency requirement to qualify for non-emergency medical care of indigents under A.R.S. 11–297. Plaintiff came to Arizona from California in August, 1967, and had lived here approximately eight months before filing this action.

A.R.S. 11–297 provides that free medical attention (including hospital care) should be denied to indigents ·who have not resided in the state for one year, except in emergency situations where such care is needed "for the preservation of life or limb."

The court declared the statute to be unconstitutional and granted the plaintiff an injunction against its enforcement. The Board of Supervisors appealed.

On appeal, the Court of Appeals agreed that the law was unconstitutional, modified the injunction (in a manner not material to this review), and affirmed the judgment. The case is now before us on a petition for review, requested by the defendants.

The constitutionality of the residence requirement in this case has been challenged as a violation of: The Commerce Clause, The Privileges and Immunities Clause, The Equal Protection Clause, and The Due Process Clause, of both the U.S. Constitution and the Constitution of Arizona. Plaintiff argues that his position has been completely vindicated by Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600, decided last April, just prior to the argument in the Court of Appeals.

The record indicates that prior to the final order of the Superior Court, plaintiff had already completed his first year of residence ·in Arizona. It is therefore obvious that the case was moot even before it reached the Court of Appeals, and long before it reached this Court. It is ʻ our policy not to decide a case before us which does not and cannot affect the plaintiff therein. Cf. Hall v. Beals, 396 U.S. 806, 90 S.Ct. 49, 24 L.Ed. 61 (1969). In accordance with that policy, the decision of the Court of Appeals is vacated and the case is remanded to the Superior Court of Pima County with directions to vacate the injunction and to dismiss the cause as moot.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.