Bertha VALENCIANO, 210 S. Penn Street, Eloy, Arizona, George Knapp and Eula Knapp, 560 S. 4th, Coolidge, Arizona on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Jay BATEMAN, A. D. Herron and James Kortsen, Jr., Members, Board of Supervisors, Pinal County, Arizona; and Gary K. Nelson, Attorney General, State of Arizona, Defendants.

No. Civ. 70–563.

United States District Court,
D. Arizona.

March 2, 1971.

Sandor O. Shuch, Pinal County Legal Aid Society, Florence, Ariz., for plaintiffs.

Robert R. Bean, Pinal County Atty., James E. Don, Chief Deputy County Atty., Florence, Ariz., for defendants.

Before TRASK, Circuit Judge, and CRAIG and COPPLE, District Judges.

## JUDGMENT

COPPLE, District Judge.

This is an action brought under 28 U.S.C. 1343; 42 U.S.C. §§ 1981, 1983; 28 U.S.C. §§ 2281, 2284, and 28 U.S.C. §§ 2201, 2202; being an action on behalf of plaintiffs for themselves and all others similarly situated seeking injunctive relief and a declaration that Arizona Revised Statutes, § 11–297 [1] as amended, is unconstitutional insofar as it requires in non-emergency cases that an indigent person be a resident of the county for the preceding twelve months before such indigent person can receive hospitalization or medical care at county expense.

The matter comes before the Court on cross-motions for summary judgment, there being no dispute as to any material fact. Oral argument has been waived by all parties.

The plaintiff Valenciano is an indigent mother of seven children. The seventh child was born during the pendency of this action. The mother and the newborn child will continue to require postnatal care. Mrs. Valenciano has been a

1. The statute being challenged is A.R.S. § 11–297 as amended, which provides as follows:

"A. Except in emergency cases when immediate hospitalization or medical care is necessary for the preservation of life or limb no person shall be provided hospitalization, medical care or outpatient relief under the provisions of this article without first filing with a member of the board of supervisors of the county in which he resides a statement in writing, subscribed and sworn to under oath, that he is an indigent as shall be defined by rules and regulations of the state welfare department, an unemployable totally dependent upon the state or county government for financial support, or an employable of sworn low income without sufficient funds to provide himself necessary hospitalization and medical care, *and that he has been a resident of the county for the preceding twelve months.* (Emphasis supplied)

B. No person shall be admitted to the hospital or receive relief without an order from a member of the board.

C. Any person who files a false or untrue statement with the board for the purpose of obtaining hospitalization, *medical care or outpatient relief for himself,* shall be guilty of a misdemeanor."

resident of the state of Arizona continuously since she was eight years of age. She moved to Pinal County, Arizona, from Maricopa County, Arizona, on August 12, 1970, for the purpose of seeking better education for her children and a better life for her children and herself. She intends to permanently reside in Pinal County. Welfare is the sole source of support for herself and her family. On September 25, 1970, she made application for indigent medical care to the Pinal County Board of Supervisors. She was refused such care solely for the reason that she had not resided in Pinal County for one year. As a result of a temporary restraining order issued by this Court on October 14, 1970 (the duration of which has not been contested), she has been given medical care similar to that given indigent persons who have been residents of Pinal County for the requisite twelve-month period.

The plaintiff Eula Knapp was a resident of Pinal County, Arizona, from September of 1965, to August 28, 1969. She and her husband then moved to Salt Lake City, Utah, and they returned to Pinal County, State of Arizona, on May 29, 1970. On their return she and her husband had and have the intention of making their home permanently in Coolidge, Pinal County, Arizona, and have resided there continuously since May 29, 1970. She is an indigent requiring medical care and medication which she had received prior to August 28, 1969, as a qualified resident of Pinal County, Arizona. On May 29, 1970, she applied for indigent medical care, which was approved by the Pinal County Board of Supervisors. However, on August 3, 1970, the approval was discontinued and further medical care was refused by the Pinal County Board of Supervisors solely because she had not been a resident of Pinal County continuously for a period of twelve months prior to May 29, 1970. By virtue of the temporary restraining order issued by this Court on November 3, 1970 (the duration of which has not been contested by defendants), she has continued to receive indigent medical care during the pendency of this action.

The plaintiff George Knapp, husband of the plaintiff Eula Knapp, is an indigent and also in need periodically of medical care.

Plaintiffs, in support of their motion, rely primarily upon Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L. Ed.2d 600 (1969); Vaughan v. Bower, 313 F.Supp. 37 (D.C.1970), affirmed without opinion, 400 U.S. 884, 91 S.Ct. 139, 27 L.Ed.2d 129 (1970); and Board of Supervisors, Pima County v. Robinson (1970), 10 Ariz.App. 238, 457 P.2d 951, decision vacated for mootness, 105 Ariz. 280, 463 P.2d 536.

Plaintiffs argue that this residency limitation has a chilling effect on a constitutional right because non-emergency medical care is a fundamental necessity of life and the right to travel (for indigents and non-indigents) interstate and intrastate is a constitutionally protected right.

Defendants contend that the durational residency requirement serves a compelling state interest in that the taxpayers of Pinal County should only be required, for fiscal reasons, to furnish such care to indigents who have resided within the county continuously for twelve months before applying for such care. Defendants also argue that whether non-emergency hospital or medical care is a fundamental necessity of life should be determined by the legislature and not the courts.

In Shapiro v. Thompson, *supra,* the U.S. Supreme Court held that a statutory prohibition of *welfare* benefits to residents of less than one year's duration constitutes an invidious classification which penalizes the exercise of the right to travel, in the absence of a compelling state interest, and clearly violates the Equal Protection Clause.

*Vaughan, supra,* relying on *Shapiro* held that the effect of the Arizona statute held unconstitutional there was to create two classes of *mental patients* in-

distinguishable except on the basis of the length of their residence in Arizona.

In *Board of Supervisors, supra,* the Arizona Court of Appeals held unconstitutional, in light of *Shapiro,* the residency requirements of the same statute being considered here, A.R.S. 11–297, holding *inter alia* that fiscal expediency is an invalid purpose in any event. This decision was vacated by the Arizona Supreme Court solely on the basis that it was moot even before reaching the Court of Appeals and without discussion of the merits.

This Court can see no distinction between the constitutional right to travel interstate (plaintiffs Knapp), as held by *Shapiro,* and a constitutional right to travel intrastate (plaintiff Valenciano).

*Shapiro* did not demolish all residency waiting-period requirements. 394 U.S. at 638, n. 21, 89 S.Ct. 1322. The Court there was more specifically concerned with the effect of residence requirements on the denial of public benefits "upon which may depend the ability of the families to obtain the very means to subsist \* \* \* food, shelter and other necessities of life." 394 U.S. at 627, 89 S.Ct. at 1327.

■ The effect of A.R.S. 11–297 is to create two classes of indigent persons in need of hospital or medical care indistinguishable except on the basis of the length of their residence in a particular county. A statutory scheme which requires a county official to withhold such fundamental public benefits to residents of that county on the basis of whether or not they have resided therein for the duration of one year constitutes an "invidious classification.". This classification has a particularly onerous effect on patients who are indigent or financially needy since they are without the means to obtain alternative treatment. They must return to the county of their former residence (if they have not already lost eligibility there), or be deprived of essential health care. Vaughan v. Bower, *supra,* 313 F.Supp. at 41.

Consistent with Vaughan v. Bower, *supra,* and Board of Supervisors v. Robinson, *supra,* we hold that hospitalization and medical care for indigents are benefits essential to the preservation of their life and health in the context of the holding of *Shapiro, supra.*

Defendants' argument regarding protection of the county fisc was disposed of by the Court in *Shapiro* answering just such an argument:

" \* \* \* Appellants' reasoning would logically permit the State to bar new residents from schools, parks and libraries or deprive them of police and fire protection. Indeed it would permit the State to apportion all benefits and services according to the past tax contributions of its citizens. The Equal Protection Clause prohibits such an apportionment of state services.

"We recognize that a State has a valid interest in preserving the fiscal integrity of its programs. It may legitimately attempt to limit its expenditures, whether for public assistance, public education, or any other program. But a state may not accomplish such a purpose by invidious distinctions between classes of its citizens. \* \* \* The saving of welfare costs cannot justify an otherwise invidious classification." 394 U.S. 618, 89 S.Ct. 1322, 1330.

■ What the state cannot do directly, it cannot do through its political subdivisions.

■ We find that defendants' argument that only the legislature, and not the Court, can determine whether the classification inherent in A.R.S. 11–297 is *constitutionally* permissible, and whether hospitalization and medical care constitute necessities of life to be without merit in light of *Shapiro* and *Vaughan, supra.*

■ While not specifically argued by either counsel herein, the Court finds that the twelve-month residency requirement of A.R.S. 11–297, subsec. A is severable from the general statutory provi-

sions for hospitalization and medical care to the indigent sick. See Board of Supervisors, Pima County v. Robinson, *supra*, 10 Ariz.App. at 240, 457 P.2d 951 and cases cited therein.

Because we find that the twelve-month residency requirement of A.R.S. 11–297, subsec. A is unconstitutional,

It is ordered:

1. That defendants' Motion for Summary Judgment is denied.

2. That plaintiffs' Motion for Summary Judgment is granted.

3. That the temporary injunctions issued herein are made permanent.

4. That defendants are permanently enjoined from enforcing the durational residency requirements of A.R.S. 11–297 as amended, being the last phrase of subsection A reading " * * * and that he has been a resident of the county for the preceding twelve months."