Virgil T. WHEELDON, Plaintiff–Appellant,

v.

MONON CORPORATION, Defendant–Appellee.

No. 90–3312.

United States Court of Appeals, Seventh Circuit.

Argued June 5, 1991.

Decided Oct. 23, 1991.

As Amended Oct. 23, 1991.

534

Roger W. Bennett (argued), Bennett, Boehning, Poynter & Clary, Lafayette, Ind., for plaintiff-appellant.

Jack H. Rogers (argued), Barnes & Thornburg, Indianapolis, Ind., Roger Benko, Kathleen K. Brickley, Barnes & Thornburg, South Bend, Ind., for defendant-appellee.

Before CUMMINGS and POSNER, Circuit Judges, and NOLAND, Senior District Judge.*

CUMMINGS, Circuit Judge.

This case concerns the timeliness of an age discrimination claim pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* The district court, operating under federal question jurisdiction, held that plaintiff's age discrimination claim was time-barred since it was not filed with the Equal Employment Opportunity Commission ("EEOC") within the 180–day statutory fil-

---

* The Honorable James E. Noland, Senior District Judge for the Southern District of Indiana, is sitting by designation.

ing period. Accordingly, the court granted defendant Monon Corporation's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. This Court assumed jurisdiction on appeal pursuant to 28 U.S.C. § 1291. On appeal, we review the district court's legal conclusions *de novo*. Because plaintiff's federal pleadings do not raise a genuine issue of material fact sufficient to overcome defendant's motion for summary judgment, the judgment of the district court will be affirmed.

## I. FACTS

Plaintiff Virgil Wheeldon worked as a line supervisor at Monon Corporation for slightly over three years. He had worked in other positions at Monon for approximately six years prior to his appointment as a line supervisor. On December 10, 1987, Wheeldon was notified that he had been terminated. Monon claims that it terminated him because he failed to cooperate in a new company efficiency plan. However, plaintiff believes that his termination was the result of his military pension. He had served in the United States army for twenty years and had received an honorable discharge. He alleged that he had been terminated because Monon Corporation wanted to set an example to other forepersons who criticized the company's efficiency plan. Wheeldon, who was 49 years old at the time of his termination, asserted that he had been singled out as the example because he had a military pension and would not be hurt as badly by the loss of income.

Based on this theory, plaintiff filed a timely claim of discrimination under the *Vietnam Era Veterans Readjustment Assistance Act of 1974* ("Veterans Assistance Act") with the United States Department of Labor, Employment Standards Administration, Office of Federal Contract Compliance Programs ("OFCCP")—the organization with jurisdiction over claims filed pursuant to that Act. Consistent with its investigative responsibilities, the OFCCP sent defendant an inquiry letter on March 4, 1988, concerning the extent of Monon's federal contracts. Although OFCCP's inquiry letter called for a response within 14 days, Monon failed to answer the inquiry until June 8, 1988, exactly one day after Wheeldon's statute of limitations under the ADEA had run.

## II. ANALYSIS

A. *Failure to File a Timely Age Discrimination Complaint with the EEOC*

■ The ADEA states that a charge filed pursuant to the Act must be filed "within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d). Ordinarily, the charge-filing period accrues when the employer notifies the employee of termination. *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir.1990); *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 288 (7th Cir.1986).

In Wheeldon's case the charge-filing period accrued on December 10, 1987, the date he was notified of termination, and ended on June 7, 1988, 180 days later. Wheeldon filed his complaint in federal district court on July 19, 1989, and his EEOC claim was "file-marked" September 6, 1988. It is uncontested that plaintiff filed both his court and his EEOC complaints after the 180–day limitations period had run.

■ Although plaintiff concedes that he did not file his charge with the EEOC during the statutory period, he contends that his filing of a timely discrimination claim under Section 402 of the Veterans Assistance Act (38 U.S.C. § 2012) with OFCCP constitutes a valid claim of age-based discrimination pursuant to the ADEA. Because his OFCCP filing did not sufficiently allege age-based discrimination, we disagree.

■ In accordance with the ADEA, "[n]o civil action may be commenced * * * until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). The requirement that plaintiff file a claim with the EEOC before initiating a federal lawsuit

serves two important purposes: 1) to provide the EEOC with an opportunity to conciliate the employee's claim with the employer, and 2) to notify the employer of the nature of the claim against it. *Posey v. Skyline Corp.*, 702 F.2d 102, 104 (7th Cir. 1983), certiorari denied, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336. A recognition of these purposes underlies our conclusion that plaintiff's OFCCP complaint did not constitute a timely filing of age discrimination such that Monon would have been on notice that an age discrimination claim had been filed against it.

■■■ In his original OFCCP complaint, Wheeldon alleged that Monon terminated him because he had a military pension and would not be hurt as badly by the loss of employment. In this Circuit it has been held that discrimination based on an economic factor closely related to age may constitute impermissible age-based discrimination. *Metz v. Transit Mix, Inc.*, 828 F.2d 1202 (7th Cir.1987). However, the plaintiff must show that the economic factor relied upon by the employer operates as a proxy for age.[1] Although pensions may be used as a proxy for age, we decline to rule that pension considerations always operate as such. Instead, the use of pensions as a proxy for age should be examined on a case-by-case basis.

In this case, Monon did not use the plaintiff's military pension as a proxy for age. Indeed, plaintiff does not so contend but contends rather that his military pension was used as a proxy for an independent source of income. While plaintiff was free to allege that independent source of income was used as a proxy for age, he made no such allegation until his reply brief in this Court, where he merely suggested that a correlation between independent income and age is not "implausible". (Reply Br. 4). Defendant's assertion that military

pensions are based *solely* on years of service, not on a combination of age and years of service, is uncontested. (Appellee Br. 11).

On the basis of these facts it is clear that plaintiff's OFCCP complaint did not contain facts sufficient to allege age-based discrimination. Therefore, it is unnecessary to decide whether plaintiff's OFCCP complaint would have been deemed timely filed with the EEOC had plaintiff properly alleged age discrimination in his OFCCP filing.

### B. *Equitable Tolling*

■■■ Plaintiff argues that his federal claim should be considered timely because of the doctrines of equitable tolling and equitable estoppel. It is well established that the EEOC charge-filing statute is not a jurisdictional prerequisite but rather a statute of limitations which is subject to equitable tolling and estoppel. *Zipes v. Trans World Airlines Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

■■■ The equitable tolling doctrine does not require that the plaintiff show any misconduct on the part of the defendant. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir.1990), certiorari denied, —— U.S. ——, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). Instead, equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451. Equitable tolling "often focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant." *Mull v. ARCO Durethene Plastics*, 784 F.2d 284, 291 (7th Cir.1986) (quoting *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir.1981)).

---

1. See *White v. Westinghouse Elec. Co.*, 862 F.2d 56 (3rd Cir.1988) (holding that pension benefits were an impermissible proxy for age and that termination of employees in order to save pension benefits violates the ADEA); *Jardien v. Winston Network, Inc.*, 888 F.2d 1151 (7th Cir. 1989) (replacement of older employees with younger employees in order to save salary costs constitutes age discrimination). *Cf. EEOC v. Altoona*, 723 F.2d 4, 6 (3rd Cir.1983) (holding that seniority and age are "inexorably linked"), certiorari denied, 467 U.S. 1204, 104 S.Ct. 2386, 81 L.Ed.2d 344 (1984).

■ This Court is not persuaded that Wheeldon was unable to learn of the EEOC filing requirements through the exercise of due diligence. It is uncontested that Monon posted EEOC notices prominently in the workplace. Such posting creates a presumption that the employee could have learned of the EEOC requirements. *Posey v. Skyline Corp.*, 702 F.2d 102, 105–106 (7th Cir.1983). Moreover, Wheeldon knew that one of his coworkers had filed an age discrimination claim with the EEOC and could have asked him about the filing deadlines.[2] Ordinarily, it is presumed that the plaintiff could have filed his claim within the statutory period. Since plaintiff has shown no reason why he could not have learned of the EEOC filing deadlines through the exercise of due diligence, equitable tolling is not appropriate in this case.

### C. *Equitable Estoppel*

This Court articulated the standard for assessing claims of equitable estoppel in *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284 (7th Cir.1986). There it was stated that equitable estoppel is available when an employee's untimely filing was a result of "a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Id.* at 292 (quoting *Price v. Litton Business Systems, Inc.*, 694 F.2d 963, 965 (4th Cir.1982)). The Court further stated that a granting of equitable estoppel should be premised on a defendant's improper conduct as well as a plaintiff's actual and reasonable reliance thereon. *Id.* More recently, we stated that equitable estoppel applies when an employer "takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada*, 920 F.2d at 450–451. Regardless of the articulation of this standard, the underlying principle is the same—a defendant should not be allowed to "obtain a benefit from his inequitable conduct." *Id.* at 452.

■ The district court dismissed the plaintiff's argument for estoppel on the basis that the standard in *Mull* is a "tough standard" and requires the plaintiff to prove the defendant's wrongful intent. We disagree. The doctrine of equitable estoppel, where the plaintiff alleges improper conduct on the part of the defendant, is a more generous doctrine than the doctrine of equitable tolling—which adjusts the rights of two innocent parties. *Id.* To prove estoppel successfully, the plaintiff must show that the defendant's conduct was improper, and that the plaintiff was harmed by such conduct.

■ Wheeldon has put forth a valid claim for estoppel. On January 4, 1988, only 25 days after he was notified of his termination, Wheeldon filed his veterans discrimination complaint with OFCCP without the assistance of counsel. On March 4, 1988, OFCCP sent a certified letter to Monon. The letter sought to determine whether Monon had federal contracts sufficient to give OFCCP jurisdiction over Wheeldon's claim under the Veterans Assistance Act and called for an answer within 14 days. Monon did not answer OFCCP's inquiry within 14 days. Instead, Monon did not respond to OFCCP's inquiry until June 8, 1988—181 days after Wheeldon's termination on December 10, 1987. It is impossible to ignore the striking coincidence that defendant's response was sent exactly one day after the plaintiff's 180-day statute of limitations had run. Upon receiving Monon's response denying the existence of federal contracts, OFCCP notified Wheeldon that it lacked jurisdiction. He then promptly began to pursue his complaint with EEOC.

Defendant now argues that plaintiff's claim is time-barred under the applicable statute of limitations. Defendant asserts that plaintiff's delay should prove fatal to his claim, but also maintains that its own delay was irrelevant since it was neither "deliberate" misconduct nor a direct communication with Wheeldon. Neither rationalization is persuasive. Defendant may not simultaneously delay agency investigations

---

**2.** Examining the facts in the light most favorable to the plaintiff, we will assume that Wheel-

don did not have actual knowledge of the EEOC filing requirements.

and propose that plaintiff should pay the penalty for the defendant's delay. Monon has offered no excuse whatsoever for its failure to respond to OFCCP's inquiry in a timely fashion. To reward defendant for its non-cooperation with a government inquiry would be to encourage employers to hamper agency investigations deliberately. *Cf. EEOC v. O'Grady*, 857 F.2d 383 (7th Cir.1988) (defendant's refusal to reply to subpoenas justified equitable tolling to ensure that employer-caused delay in providing information does not adversely affect the plaintiff's age discrimination claim).

### D. *Sufficiency of Plaintiff's Federal Claim*

█ Although the doctrine of equitable estoppel prevents Monon from asserting the statute of limitations defense, nevertheless the district court properly granted defendant's motion for summary judgment. The only function of equitable estoppel is to render timely a plaintiff's filing with the EEOC such that plaintiff's federal district court complaint is not barred by the statute of limitations. However, plaintiff's pleadings in federal district court rely on the same theory of age discrimination shown to be legally inadequate in Section II(A) *supra*. Plaintiff's federal pleadings simply do not raise a genuine issue of material fact sufficient to overcome defendant's motion for summary judgment.

The judgment of the district court is affirmed.