**Mattie BRACEY, Plaintiff,**

v.

**HELENE CURTIS, INC., an Illinois corporation, Defendant.**

**No. 90 C 3975.**

United States District Court,
N.D. Illinois, E.D.

Jan. 13, 1992.

Lee Howard Russell, Law Offices of Russell & Doheny, Northlake, Ill., for plaintiff.

Richard Elliot Lieberman, Shelly Renee Pagac, Robert Thomas Zielinski, Ross & Hardies, P.C., Chicago, Ill., for defendant.

### ORDER

NORGLE, District Judge.

Before the court is the motion of defendant Helene Curtis, Inc. ("HCI") for summary judgment. For reasons that follow, the motion is granted.

### FACTS

The plaintiff, Mattie Bracey ("Bracey"), is a black woman who began working for HCI in 1970.[1] By February 1987, she had

---

**1.** The facts set forth herein are drawn from HCI's statement of facts submitted pursuant to

worked her way up to the position of secretary, grade 10 in HCI's personnel classification system, in the Maintenance Department. An opening for an administrative secretary at HCI, grade 12, was posted at HCI facilities around March 10, 1989. The position involved working for Mark Archibald ("Archibald"), special accounts salesman in the Professional Products Division of HCI's National Accounts Department. Bracey applied for the administrative secretary position around March 17, 1989. After a preliminary interview, Bracey was selected as one of three finalists for the position. Archibald, however, after conducting interviews with each of the finalists, chose Velma Lynne Swett ("Swett"), a white woman. Swett's immediate prior job had been as an administrative secretary, grade 12, in the HCI legal department. Bracey was notified about April 21, 1989 that she had not been selected.

In July 1989, Bracey filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging that HCI's failure to promote her violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC district director determined that Bracey's charge was not supported by the evidence, and notified Bracey by letter of this determination around March 29, 1990. The letter advised Bracey that if she did not seek review of the determination within the EEOC, and thereby extend the effective date of the EEOC dismissal of her charge, she would have until July 13, 1990 to file a federal lawsuit over the matter. Bracey did not seek review within the EEOC. She filed the present lawsuit on July 13, 1990, raising a single count under Title VII.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see also First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Nevertheless, in determining the existence of any genuine issues of material fact, the court must draw all reasonable inferences in the light most favorable to the non-movant. *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

■ HCI initially contends that Bracey's lawsuit is time-barred because it was not filed within 90 days of the dismissal of her EEOC charge. Bracey responds that her suit was timely filed, but if the court finds otherwise, equitable tolling of the deadline should be applied.

The EEOC district director notified Bracey, in a letter dated March 29, 1990, that Bracey's charge was not established by the available evidence, and that unless she sought review of that determination within the EEOC by April 12, 1990, the EEOC dismissal would become effective the following day. The letter further advised Bracey that she could file a federal lawsuit over the matters contained in her EEOC charge, but that she must do so within 90 days of the effective dismissal. The letter

---

Local Rule 12(m) and attachments thereto, and     unless otherwise noted, are undisputed.

then summed up this advice, specifically stating that unless Bracey sought review within the EEOC she would have to file a federal lawsuit "by July 13, 1990" or lose her right to bring such a lawsuit. Bracey filed her lawsuit on July 13, 1990, and thereby complied with the deadline set forth in the letter.[2]

▓ The EEOC letter, however, provided the wrong date. Bracey was required to file her complaint within 90 days after she was given notice of the EEOC's dismissal of her charge. 42 U.S.C. § 2000e-5(f)(1). The 90-day filing requirement is not jurisdictional and is therefore subject to equitable tolling, estoppel and waiver. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Wheeldon v. Monon Corp.,* 946 F.2d 533, 536 (7th Cir.1991). HCI correctly argues that the 90 day period expired for Bracey on July 12, 1990, and her lawsuit was therefore filed one day late. There is no suggestion of estoppel or waiver in the record, so the issue boils down to whether equitable tolling should apply.

▓ Equitable tolling allows late filings if the plaintiff exercised due diligence but was nonetheless unable to obtain information showing the existence of his claim prior to expiration of the limitations period. *Wheeldon,* 946 F.2d at 536. A plaintiff's excusable ignorance of the filing deadline, when combined with a lack of prejudice to the defendant, will commonly make equitable tolling appropriate. *Id.* The EEOC letter to Bracey affirmatively misled her, and her attorney, by stating that she was facing a July 13 deadline unless she sought further EEOC review of her claim. Bracey "was entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these mat-

ters." *Page v. U.S. Industries, Inc.,* 556 F.2d 346, 351 (5th Cir.1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978). The slight EEOC error, misstating the correct deadline by only one day, was not sufficiently inconsistent with other information in the EEOC letter or otherwise implausible to put Bracey on notice of a possible error. Moreover, the error was not one of law but of simple mathematics. Therefore, even though Bracey was represented by counsel, the late filing was excusable under the facts of this case. *But see Jones v. Baskin, Flaherty, Elliot and Mannino, P.C.,* 738 F.Supp. 937, 939–40 (W.D.Pa.1989), *aff'd,* 897 F.2d 522 (3d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990); *Leite v. Kennecott Copper Corp.,* 558 F.Supp. 1170, 1173–74 (D.Mass.) (equitable tolling inappropriate if counsel was consulted before limitations period expired), *aff'd,* 720 F.2d 658 (1st Cir.1983). In this case, where no prejudice to HCI has been shown, one-day equitable tolling is appropriate.

▓ Regarding the merits, HCI contends that Bracey failed to establish a prima facie case under Title VII, and that even if such a case were shown, Bracey has not offered any evidence that HCI's expressed reason for hiring Swett was a pretext to hide racial discrimination.

A prima facie Title VII case includes showings that the plaintiff is a member of a minority group, that she applied for an open position for which she was qualified, and that she was rejected for the position "under circumstances which give rise to an inference of unlawful discrimination." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).[3] The elements

---

**2.** The court construes the word "by" in the EEOC letter to mean "not later than." *See Webster's Ninth New Collegiate Dictionary* 192 (1986). Although "by" can also mean "before," the court finds that "not later than" is a well established meaning upon which Bracey could reasonably rely. *See Black's Law Dictionary* 182 (5th ed. 1979) (listing "before a certain time"; "not later than a certain time"; and "on or before a certain time" among other definitions of "by").

**3.** The court assumes for purposes of the present motion that the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (1991), which amends Title VII among other statutes, applies to this case. *See Mojica v. Gannett Co.,* 779 F.Supp. 94 (N.D.Ill.1991). The new law, however, did not change the elements of a Title VII action under the facts of this case, and therefore has no effect on the outcome here.

of proof required will vary in different factual settings. *Id.* at 253 n. 6, 101 S.Ct. at 1094 n. 6 (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 1824 n. 13, 36 L.Ed.2d 668 (1973)). If the plaintiff meets her prima facie burden, the defendant must produce a "legitimate, nondiscriminatory reason" for failing to hire the plaintiff. *Id.* at 253–54, 101 S.Ct. at 1093–94. Once the defendant has met this burden of production, any presumption of discrimination by the defendant disappears from the case and the plaintiff must then be given an opportunity to show that the defendant's proffered justification is a mere pretext for discrimination. *Id.* at 255–56, 101 S.Ct. at 1094–95. The plaintiff retains the burden at all times of persuading the court that intentional illegal discrimination prevented her hiring. *Id.* at 256, 101 S.Ct. at 1095.

The parties agree that Bracey is black, that she was qualified for the administrative secretary position, that she was not hired, and that the position went to a white person. Bracey contends that this is sufficient to constitute a prima facie Title VII case. HCI disagrees, however, contending that under *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093, the employer must have continued to seek applicants after rejecting the qualified minority plaintiff. Because Swett was hired at the same time Bracey was rejected, HCI argues that this final Title VII element is missing. The court finds that neither Bracey's nor HCI's formulation of a Title VII prima facie case is appropriately applied here. Bracey was simply required to provide evidence from which an inference of racial discrimination could reasonably be drawn, and she has failed to meet that burden.

An inference of racial discrimination cannot arise from the mere fact that a white person was hired instead of Bracey from among a pool of applicants. HCI somewhat misleadingly cites *Mason v. Continental Ill. Nat'l Bank,* 704 F.2d 361, 365 (7th Cir.1983), for that proposition even though *Mason* did not decide that issue but instead upheld summary judgment for an employer because its justification for not hiring a minority plaintiff was not shown to be a pretext for racial bias. *Id.* at 366. Nonetheless, HCI correctly argues that Bracey has made an insufficient showing. Minority plaintiffs are not entitled to trials whenever they are rejected in favor of white applicants. There must be some evidence that the rejection was based on race. The circumstances of Bracey's rejection for the administrative secretary position do not allow for a presumption of racial discrimination, such as is allowed by *McDonnell Douglas,* and Bracey has failed to provide direct evidence of discrimination. *See McCarthy v. Kemper Life Ins. Cos.,* 924 F.2d 683, 687 (7th Cir.1991) (discussing indirect *McDonnell Douglas* method and direct method of proving racial discrimination). Therefore, Bracey has failed to meet her prima facie burden.

A look at the evidence regarding HCI's proffered reason for hiring Swett— that Swett was more qualified and interviewed better than Bracey—and at Bracey's efforts to show that the reason is pretextual buttresses the conclusion that HCI is entitled to summary judgment. Swett was already working as a grade 12 administrative secretary in another department at HCI, while Bracey was a grade 10 secretary. Archibald testified at his deposition that he was seeking someone with strong oral communication skills, and who could make a positive public impression, in addition to having strong secretarial skills. He felt that Swett's immediate past experience in HCI's legal department, and her prior secretarial experience in two law firms, made Swett a stronger candidate than Bracey, whose secretarial duties in HCI's factory maintenance department involved little contact with persons outside HCI. Archibald's rationale for preferring Swett hardly appears unreasonable. Bracey offers no evidence showing that Archibald's explanation was not truthful. Most importantly, there is no basis to infer that Archibald's choice was racially motivated or influenced.

Bracey disputes Archibald's view that Bracey was nervous at her interview with him, or that her interview was otherwise deficient, but Bracey offers only her own

deposition testimony, which is both self-serving and clearly insufficient to create an issue of material fact. *Billups v. Methodist Hosp.,* 922 F.2d 1300, 1303 (7th Cir. 1991); *see also Perfetti v. First Nat'l Bank,* 950 F.2d 449, 457–58 (7th Cir.1991) (employer can rely on personal interview for hiring decision; "contrary result would make personal interviews an extraordinarily hazardous hiring tool").

█ Bracey also disputes whether Swett was qualified, pointing out that Swett's application violated an HCI policy allowing only employees who had worked in their positions for six months or longer to apply for HCI openings, and noting that Swett was soon dismissed from the position she won over Bracey. It does not matter, however, whether HCI made the best choice in hiring Swett; the only relevant issue is whether the choice was race based. *Perfetti,* 950 F.2d at 456; *Heerdink v. Amoco Oil Co.,* 919 F.2d 1256, 1260–61 (7th Cir. 1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991); *Mason,* 704 F.2d at 366. Bracey has not produced any evidence that any relaxation of HCI policy in Swett's favor was racially based or that it somehow gave Swett an unfair advantage over Bracey. For Title VII purposes, it does not matter how Swett was selected as long as race or another impermissible factor was not involved.

In sum, Bracey has failed to offer any evidence from which racial discrimination could be inferred in HCI's rejection of Bracey for the administrative secretary position she sought. Therefore there is no genuine issue of material fact which would preclude entry of summary judgment for HCI.

### CONCLUSION

For the above reasons, HCI's motion for summary judgment is granted.

IT IS SO ORDERED.