949 P.2d 63

**Perry KYLES, Plaintiff/Appellant,**

v.

**CONTRACTORS/ENGINEERS SUPPLY, INCORPORATED; Frederick H. Helmke; Catherine A. Helmke, Defendants/Appellees.**

**No. 2 CA–CV 97–0079.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 18, 1997.

Ibanez & Wilkinson by Rose Marie Ibanez, Tucson, for Plaintiff/Appellant.

Hammond, Natoli & Tobler, P.C. by Doug Tobler, Phoenix, for Defendants/Appellees.

## OPINION

DRUKE, Chief Judge.

The trial court dismissed the complaint of appellant Perry Kyles on the grounds that his state and federal claims of racial discrimination were time barred and that his remaining causes of action failed to state claims for relief. We publish only the portion of our decision that reinstates the discrimination claims.[1] *Fenn v. Fenn*, 174 Ariz. 84, 847 P.2d 129 (App.1993).

Kyles, an African–American, began working for appellee Contractor/Engineers Supply, Incorporated (CES), in August 1992. At work, other employees, including appellee Frederick Helmke, called Kyles "nigger" and made other derogatory comments. Kyles reported this to CES's management but the comments continued. He was discharged by CES on July 8, 1994. On October 20, 1994, Kyles timely filed a charge of discrimination with the Civil Rights Division (CRD) of the Attorney General's Office, pursuant to A.R.S. § 41–1481(A) of the Arizona Civil Rights Act (ACRA), §§ 41–1401 to 41–1492.12. On July 14, 1995, the CRD mailed Kyles a notice of right to sue, pursuant to § 41–1481(D). On October 19, 1995, Kyles filed a complaint in superior court alleging claims of racial discrimination, breach of contract, intentional infliction of emotional distress, wrongful dismissal, tortious breach of contract, defamation, and interference with contract. He also attached, as exhibits to the complaint, copies

of the discrimination charge and right-to-sue notice. Kyles later made minor corrections to the complaint by an amended complaint filed on May 9, 1996.

Appellees moved to dismiss the complaint, arguing that it failed to state a claim for relief, Rule 12(b)(6), Ariz.R.Civ.P., 16 A.R.S., and that the complaint was not filed within ninety days of the right-to-sue notice, as required by § 41–1481(D). Although finding that the complaint stated a claim for discrimination, the trial court dismissed the claim because it had not been filed within ninety days of the right-to-sue notice, which Kyles had conceded, and the complaint did not allege facts that "would constitute grounds for an equitable tolling." The court dismissed the other causes of action for failure to state claims for relief. The court, however, granted Kyles twenty days to further amend his complaint.

Kyles filed a second amended complaint that included additional facts in support of the original claims and added a claim of discrimination under 42 U.S.C. § 1981. Appellees moved to dismiss the second amended complaint, arguing that it too was untimely. Kyles opposed the motion and moved for reconsideration of the trial court's previous dismissal. The court denied the motion for reconsideration and granted the motion to dismiss the second amended complaint, finding that "[t]he second amended complaint still fails to allege facts which would constitute grounds for an equitable tolling of any statute of limitations" and that the one-year statute of limitations in A.R.S. § 12–541 barred the claims of defamation and discrimination under 42 U.S.C. § 1981. Kyles moved the court to reconsider the dismissal, contending that Arizona's two-year personal injury statute, § 12–542, applied to the § 1981 discrimination claim. The court denied the motion without comment and this appeal followed.

### ACRA Discrimination Claim

■ Kyles acknowledges that § 41–1481(D) required him to file his ACRA discrimination claim within ninety days of the

---

1. We address the remaining claims in a contemporaneous memorandum decision.

right-to-sue notice, but contends the trial court erred in not applying the doctrine of equitable tolling to allow him to avoid the limitations bar. In *Hosogai v. Kadota*, 145 Ariz. 227, 231, 700 P.2d 1327, 1331 (1985), a wrongful death action, our supreme court recognized and applied the doctrine, stating that "[e]quitable tolling is appropriate when it would effectuate: 1) the policies underlying [a remedial] statute, and 2) the purposes underlying the statute of limitations," citing *Burnett v. New York Central Railroad*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Appellees correctly point out, however, that no Arizona court has applied equitable tolling to the ninety-day deadline in § 41–1481(D), and argue that we should follow those federal courts which have held that 42 U.S.C. § 2000e–5(f)(1), the same ninety-day deadline in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e–17, is jurisdictional and not subject to equitable tolling. We find that the federal cases upon which appellees rely no longer state the law.

■ In *Wong v. Bon Marche*, 508 F.2d 1249, 1251 (9th Cir.1975), the primary case upon which appellees rely, the court held "that the requirement [of 42 U.S.C. § 2000e–5(f)(1) ] for filing a complaint within the 90–day period was jurisdictional." The court cited cases from other circuits in support of its holding, but acknowledged the federal courts were divided on whether the time limit was jurisdictional or subject to waiver, estoppel, or equitable tolling. After *Wong* was decided, the Supreme Court held in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234, 243 (1982), that the 180–day requirement for filing a charge of discrimination under Title VII with the Equal Employment Opportunity Commission (EEOC) "is not a jur-

isdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling."[2] The Court later reached the same conclusion regarding the ninety-day requirement, *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), and the thirty-day requirement for bringing suit against the federal government. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The ninety-day requirement of 42 U.S.C. § 2000e–5(f)(1) is now considered a limitations period subject to waiver, estoppel, and equitable tolling by the federal appeals courts, including the Ninth Circuit that decided *Wong*.[3] Because we follow federal case law interpreting Title VII when no Arizona precedent exists, *Civil Rights Division v. Superior Court*, 146 Ariz. 419, 706 P.2d 745 (App.1985); *Civil Rights Division v. Amphitheater Unified School District*, 140 Ariz. 83, 680 P.2d 517 (App. 1983), we hold that ACRA's ninety-day requirement, § 42–1981(D), is not jurisdictional and is subject to waiver, estoppel, and equitable tolling.

■ Equitable tolling applies when the plaintiff is excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing. *Wheeldon v. Monon Corp.*, 946 F.2d 533 (7th Cir.1991); *Naton v. Bank of California*, 649 F.2d 691 (9th Cir.1981). Unlike equitable estoppel, which Kyles does not claim applies here, equitable tolling does not require the plaintiff to show any misconduct on the defendant's part. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir.1990). Equitable tolling has been applied, though sparingly, where the right-to-sue notice confused the plaintiff, *Gates v. Georgia–Pacific Corp.*, 492 F.2d 292 (9th Cir.1974); the notice incorrectly advised

---

2. Division One of this court recently applied *Zipes* in *Madden–Tyler v. Maricopa County*, 189 Ariz. 462, 943 P.2d 822 (App.1997) (requirement of timely EEOC filing operates as a statute of limitations subject to waiver).

3. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380 (9th Cir.1997); *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264 (10th Cir.1996); *St. Louis v. Texas Worker's Compensation Comm'n*, 65 F.3d 43 (5th Cir.1995); *Williams–Guice v. Bd.*

*of Educ. of City of Chicago*, 45 F.3d 161 (7th Cir.1995); *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir.1993); *Hill v. John Chezik Imports*, 869 F.2d 1122 (8th Cir.1989); *Banks v. Rockwell Intern. N. Am. Air. Operations*, 855 F.2d 324 (6th Cir.1988); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143 (2d Cir.1984); *Harper v. Burgess*, 701 F.2d 29 (4th Cir.1983); *Rice v. New England College*, 676 F.2d 9 (1st Cir. 1982).

the plaintiff he had six years to file an action in district court, *Caraway v. Postmaster General*, 678 F.Supp. 125 (D.Md.1988); the plaintiff is "misled and lulled into inaction by the EEOC," *Martinez v. Orr*, 738 F.2d 1107, 1112 (10th Cir.1984); the EEOC letters failed to provide the plaintiff with adequate notice of when she could file suit, *Page v. U.S. Industries, Inc.*, 556 F.2d 346 (5th Cir. 1977); and the district court led the plaintiff to believe "her defective filing was effective for purposes of the 90 day rule." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir.1993).

■ Kyles claims he is entitled to equitable tolling because his right-to-sue notice incorrectly stated the deadline by which he had to file suit. The notice states in relevant part: "If you wish to bring a court action, **IT MUST BE DONE WITHIN ONE YEAR AFTER YOU FILED THE CHARGE.** A.R.S. § 41–1481(D). This means that you must file in court *before* the date of October 20, 1995."[4] (Emphasis in original.) As previously noted, Kyles filed his complaint on October 19, one day before the deadline in the notice. He argues:

> The notice makes no mention of a ninety-day requirement. There was no reason for appellant to suspect that this legal advice was wrong. A person such as [appellant], unschooled in the law, would naturally trust the date for filing given to him by the attorney general's office, which he would expect to know the law.

In support of his argument, Kyles cites *Bracey v. Helene Curtis, Inc.*, 780 F.Supp. 568 (N.D.Ill.1992). There, the EEOC notice misstated by one day the deadline by which Bracey had to file a district court complaint. Bracey, who was represented by counsel, filed the complaint by the date in the notice and, consequently, it was one day late. The court applied equitable tolling, finding the late filing excusable because "Bracey 'was entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these matters.'" 780

F.Supp. at 570, *quoting Page*, 556 F.2d at 351. The court added that the notice misstated "the correct deadline by only one day," and did not otherwise "put Bracey on notice of a possible error." 780 F.Supp. at 570. In addition, the court noted that no prejudice was shown by the late filing.

We apply equitable tolling in this case for the same reasons. Kyles, like Bracey, was entitled to rely on the deadline in the notice from the CRD. Kyles acted diligently by filing the complaint before the deadline set forth in the notice; the notice fails to mention the ninety-day limitations period. Moreover, the complaint was filed but six days after the ninety-day period, and appellees have not argued, either in the trial court or on appeal, that the six-day delay prejudiced them.

In addition, unlike Bracey, Kyles was not represented by counsel when he received the notice or filed the original complaint. A plaintiff's pro se status has been an important factor in many of the above cases that have applied equitable tolling. *See Goldsmith; Martinez; Page. See also Lanyon v. University of Delaware*, 544 F.Supp. 1262 (D.Del.1982); *Stutz v. Depository Trust Co.*, 497 F.Supp. 654 (S.D.N.Y.1980); *Abbott v. Moore Business Forms, Inc.*, 439 F.Supp. 643 (D.N.H.1977). In a number of cases where the plaintiffs have had counsel, courts have found equitable tolling inappropriate because "[c]ounsel are presumptively aware of whatever legal recourse may be available to their client[s]." *Downie v. Electric Boat Div.*, 504 F.Supp. 1082, 1087 (D.Conn.1980). *See also Keyse v. California Texas Oil Corp.*, 590 F.2d 45 (2d Cir.1978); *Edwards v. Kaiser Alum. & Chem. Sales, Inc.*, 515 F.2d 1195 (5th Cir.1975).

Appellees contend, however, that Kyles's complaint fails to allege any facts to support equitable tolling. We disagree. As previously indicated, Kyles attached a copy of the right-to-sue notice to the complaint as an exhibit. Under Rule 10(c), Ariz.R.Civ.P., the notice became a part of the complaint "for all

---

4. The notice's reference to a one-year limitations period is based on the following provision of § 41–1481(D): "In no event shall any action be brought pursuant to this article more than one year after the charge to which the action relates has been filed." Because Kyles does not claim this provision supersedes the ninety-day requirement, we do not address the issue.

purposes" and can thus be considered in determining the complaint's sufficiency. *Denbo v. Badger,* 18 Ariz.App. 426, 503 P.2d 384 (1972); *Young v. Bishop,* 88 Ariz. 140, 353 P.2d 1017 (1960). Together, the notice and complaint provide sufficient facts to support equitable tolling. The notice misstates the filing deadline and fails to mention the ninety-day deadline; the complaint shows Kyles filed it pro se before the notice's deadline and just six days after the ninety-day deadline. Given these circumstances, and the lack of prejudice to appellees, we conclude the ninety-day statute of limitations in § 41–1481(D) was equitably tolled and, thus, does not bar Kyles's ACRA claim. We believe this result furthers ACRA's remedial policies and does not revive a stale claim or otherwise contravene the policies underlying the statute of limitations. *Hosogai.*

### § 1981 Discrimination Claim

■ In his second amended complaint, Kyles asserted a claim of discrimination under 42 U.S.C. § 1981. The trial court determined that the one-year statute of limitations in § 12–541 applied to the § 1981 claim and dismissed it. The court erred in applying § 12–541 to the § 1981 claim. As Division One of this court recognized in *Madden–Tyler v. Maricopa County,* 189 Ariz. 462, 943 P.2d 822 (App.1997), citing *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), § 1981 claims are essentially personal injury claims and thus subject to the two-year statute of limitations in § 12–542.

■ Appellees argue, however, that this does not help Kyles because he first asserted his § 1981 claim in the second amended complaint, which was filed more than two years after his dismissal. Appellees add, citing *Boatman v. Samaritan Health Services,* 168 Ariz. 207, 812 P.2d 1025 (App.1991), that the second amended complaint does not relate back under Rule 15(c), Ariz.R.Civ.P., because the § 1981 claim was not part of the facts giving rise to the original complaint. *Boatman* is factually distinguishable and not controlling. There, we held that the plaintiffs' defamation claim did not

relate back to the date of the original complaint alleging intentional interference [with business expectancies] because (1) the original complaint d[id] not allege defamatory statements, and (2) the defamatory statements alleged in the amended complaint were not part of Samaritan's alleged intentional interference with plaintiffs' contract.

168 Ariz. at 213, 812 P.2d at 1031. Here, however, the original complaint expressly claims discrimination by appellees and alleges specific facts to support it, including those set forth in the copy of the charge of discrimination filed with the CRD that was attached as an exhibit to the complaint. Accordingly, under Rule 15(c), the § 1981 claim relates back to the original complaint, which was filed within two years of Kyles's dismissal, and is not barred by § 12–542. The trial court thus erred in dismissing the § 1981 claim.

We reverse the dismissal of the ACRA and § 1981 claims and remand them to the trial court for further proceedings.

FLÓREZ, P.J., and BRAMMER, J., concurring.