**Anthony Keith OGLE, Plaintiff—Appellant,**

v.

**Terry STEWART, sued in his individual and official capacity, Defendant—Appellee.**

No. 04–17534.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2006.*

Filed Feb. 12, 2007.

Anthony Keith Ogle, Buckeye, AZ, pro se.

Wanda E. Hofmann, Esq., Tucson, AZ, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Anthony Keith Ogle, an inmate in the Arizona state prison system, appeals pro se from the district court's grant of summary judgment in his 42 U.S.C. § 1983 action against Terry Stewart, the former Director of the Arizona Department of Corrections ("ADC"). Ogle also appeals the district court's denial of his motion to amend his complaint to add as defendants two correctional officers. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

While temporarily confined at the Alhambra Reception Center, a unit of the Arizona state prison system, on March 22, 2002, Ogle tripped over a mattress that was placed on the floor and severely injured himself. Seeking damages for his injury, Ogle sued Stewart, among others, pursuant to 42 U.S.C. § 1983 for violating his Eighth Amendment rights. Proceeding pro se, Ogle also attempted to discover the names of the two correctional officers who confiscated his crutches and purportedly disregarded the orders of medical staff so that he could include them as defendants. The Arizona Attorney General's office delayed responding to Ogle's discovery requests, however, and did not provide this information until after the statute of limitations had lapsed. When Ogle sought to amend his complaint to add the officers, the Arizona Attorney General's office objected based on the expiration of the statute of limitations. The district court denied Ogle's motion to amend the complaint for failure to state a claim against the officers but did not address the statute of limitations issue. Later, the district court granted Stewart's motion for summary judgment because Ogle failed to produce any evidence indicating that Stewart knew of, and was deliberately indifferent to, the risk of harm posed to Ogle's safety. In this appeal, Ogle challenges the district court's grant of summary judgment. In his reply brief, Ogle also raised a challenge to the district court's denial of his motion to amend his complaint.

■ Ogle asserts that Stewart violated his Eighth Amendment right to humane conditions of confinement and is responsible for his injuries. The district court granted Stewart's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) because Ogle did not establish the necessary elements of his § 1983 claim.[1] To survive summary judgment, Ogle must offer some evidence that Stewart knew of and disregarded an excessive risk to Ogle's safety presented by the conditions of his confinement. *See Farmer v. Brennan,* 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Robinson v. Prunty,* 249 F.3d 862, 866 (9th Cir.2001). Ogle failed to demonstrate, however, that Stewart acted with a sufficiently culpable state of mind. Therefore, the district court's grant of summary judgment in favor of Stewart was proper.

■ In addition to his claim against Stewart, Ogle also argues that two correctional officers are directly responsible for his accident. As such, Ogle sought to amend his complaint to add the officers as defendants, but the district court rejected his request.[2] Although Ogle raised this

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We review the district court's grant of summary judgment de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

2. We review a district court's denial of a

issue in his reply brief instead of his opening brief, we have discretion to consider his argument pursuant to Federal Rule of Appellate Procedure 2. *See United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992). The district court failed to follow the "strong policy" in favor of permitting parties to amend pleadings established by Federal Rule of Civil Procedure 15(a). *See Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). Ogle adequately stated a claim against the correctional officers and was diligent in his efforts to discover the officers' identities.[3] Moreover, the Arizona Attorney General's office was already aware that the officers would be named as defendants, so it would not be prejudiced by allowing Ogle to add the officers to his complaint. *See Brown v. Georgia Dep't of Revenue,* 881 F.2d 1018,

1023 (11th Cir.1989). Consequently, the district court abused its discretion in denying Ogle's motion to amend his complaint. *See United States v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052–53 (9th Cir.2001).

▮ The Arizona Attorney General's office argues that allowing Ogle to amend his complaint to add the correctional officers would be futile because the statute of limitations had lapsed by the time he sought to add them as defendants. It is true that Ogle did not file his motion to add the two correctional officers as defendants until approximately twenty-one days after the applicable statute of limitations had expired.[4] Even so, Ogle should be allowed to amend his complaint pursuant to the doctrine of equitable tolling.[5] *See Kyles v.*

---

motion to amend a complaint for abuse of discretion. *Caswell v. Calderon,* 363 F.3d 832, 836 (9th Cir.2004). Such a denial is " 'strictly' reviewed in light of the strong policy permitting amendment." *Plumeau v. Sch. Dist. No. 40,* 130 F.3d 432, 439 (9th Cir.1997) (quoting *Pierce v. Multnomah County,* 76 F.3d 1032, 1043 (9th Cir.1996)).

3. In fact, Ogle worked assiduously to uncover the identities of the correctional officers, even after being met with strong resistence and persistent delays by attorneys from the Arizona Attorney General's office.

4. The federal statute providing for Ogle's cause of action against the officers, § 1983, does not contain its own limitations period. As such, federal courts borrow the most applicable statute of limitations from the forum state. *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In § 1983 cases arising out of Arizona, this court applies the statute of limitations for personal injury claims. *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 974 (9th Cir.2004). The applicable statute of limitations for personal injury claims in Arizona is two years. *See* ARIZ.REV.STAT. § 12–542. Under federal law, a § 1983 claim begins to accrue "when the plaintiff knows or has reason to know of the injury." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). In this case, Ogle's injury occurred on March 22, 2002, so the statute of

limitations was March 22, 2004. He did not move to amend his complaint until April 12, 2004.

5. In addition to equitable tolling, it is highly likely that Ogle would be able to pursue his claim against the correctional officers in three additional ways. First, Ogle's claim against the officers may relate back to his original complaint pursuant to Arizona Rule of Civil Procedure 15(c). *See Ritchie v. Grand Canyon Scenic Rides,* 165 Ariz. 460, 465–67, 799 P.2d 801, 806–08 (1990) (in banc); *Brink v. First Credit Res.,* 57 F.Supp.2d 848, 857 (D.Ariz.1999); *G.F. Co. v. Pan Ocean Shipping Co.,* 23 F.3d 1498, 1503–04 (9th Cir.1994); *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1400–01 (9th Cir.1984); *see also Merritt v. County of Los Angeles,* 875 F.2d 765, 768 (9th Cir.1989) (holding that the relation back provisions of state law, rather than federal law, govern § 1983 actions). Second, the statute of limitations may be tolled pursuant to the doctrine of fraudulent concealment because the State continually refused to disclose the names of the correctional officers despite Ogle's repeated attempts to obtain the information. *See London v. Green Acres Trust,* 159 Ariz. 136, 143, 765 P.2d 538, 545 (Ariz. Ct.App.1988). Third, the doctrine of equitable estoppel may prevent the State from relying on the statute of limitations as a defense where the State's conduct misled Ogle and

*Contractors/Eng'rs Supply, Inc.,* 190 Ariz. 403, 405, 949 P.2d 63, 65 (1997); *Jepson v. New,* 164 Ariz. 265, 271, 792 P.2d 728, 734 (1990) (in banc); *see also S.J. v. Issaquah Sch. Dist.,* 470 F.3d 1288, 1291 (9th Cir. 2006) (holding that for § 1983 claims tolling provisions are governed by the law of the forum state). Thus, we remand to the district court to allow Ogle to amend his complaint and pursue his claim against the officers. We also instruct the district court to reopen discovery so that Ogle may ensure that he has identified the correct defendants and also so that he may collect relevant evidence in support of his claim. Finally, we suggest that the district court appoint counsel to represent Ogle during the course of his lawsuit. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

caused him to file his second amended complaint too late. *See Tucson Elec. Power Co. v. Arizona Dep't of Revenue,* 174 Ariz. 507, 513–18, 851 P.2d 132, 138–43 (Ariz.Ct.App.1992). Because we hold that Ogle may amend his complaint pursuant to the doctrine of equita-

ble tolling, however, we need not address these additional methods at this time.

