NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

LAWRENCE PEREZ, *Plaintiff/Appellant*,

*v.*

SAINT JOHN'S UNIFIED SCHOOL DISTRICT, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0079
FILED 10-31-2023

---

Appeal from the Superior Court in Apache County
No. S0100CV202200117
The Honorable Michael D. Latham, Judge

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

---

COUNSEL

Gregory Law Group, Gilbert
By Robert M. Gregory
*Counsel for Plaintiff/Appellant*

Wright Welker & Pauole PLC, Phoenix
By Christopher S. Welker, M. Brent Peugnet, Richard Carpenter
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Judge Jennifer M. Perkins and Judge Daniel J. Kiley joined.

---

**H O W E**, Judge:

¶1             Lawrence Perez challenges the superior court's dismissal of his negligence claim against St. John's Unified School District and the District Superintendent Kyle Patterson for failing to file a notice of claim under A.R.S. § 12–821.01(A). We affirm the court's dismissal of the complaint against the District, but we vacate the dismissal of the complaint against Patterson and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

¶2             On August 27, 2021, Perez arrived at St. John's High School to watch a football game with his grandson and a friend. On his way to the bleachers, he noticed water on the walkway. He attempted to step over the puddle, but he slipped and fell to the ground, injuring his shoulder.

¶3             Through counsel, Perez hired a process server to serve the District's governing board and Patterson with a notice of claim. On February 7, 2022, the process server attempted unsuccessfully to serve the governing board at the office building it shared with Patterson. The process server returned the next day and served Patterson with the notice of claim, but once again failed to serve the governing board. The process server later told Perez's counsel that he had served the governing board on March 3, 2022.

¶4             In June 2022, Perez filed a negligence complaint against the District and Patterson. In August 2022, Perez's counsel learned that the process server had not served the governing board, despite claiming that it had done so. The District then moved to dismiss the complaint for failure to file a timely notice of claim. The District also argued that punitive damages were not permitted in suits against public entities or public employees under A.R.S. § 12–820.04. It did not, however, ask the court to dismiss the complaint against Patterson.

¶5             After full briefing and oral argument, the superior court dismissed the entire complaint based on Perez's failure to serve the District

with a notice of claim. The court did not address the District's argument on punitive damages. Perez timely appealed. This court has jurisdiction under A.R.S. § 12–2101(A)(1).

## DISCUSSION

**¶6**      This court reviews de novo the superior court's dismissal of a complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). In reviewing the dismissal, we "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts," although we do not accept as true mere conclusory statements. *Id*. at 356 ¶ 9. This court will affirm the dismissal if, as a matter of law, Perez would not be entitled to relief on any interpretation of those facts. *Chalpin v. Snyder*, 220 Ariz. 413, 418 ¶ 18 (App. 2008).

## I.    The Superior Court Did Not Err in Dismissing the Complaint Against the District.

**¶7**      When a person asserts claims against a public entity and a public employee, a notice of the claim must be served on "both the employee individually and to his employer" within 180 days after the cause of action accrues. A.R.S. § 12–821.01(A); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351 ¶ 25 (App. 2007) (citations omitted). When bringing a claim against a school district, the notice of claim must be served on each member of the school district's governing board. *Batty v. Glendale Union High Sch. Dist. No. 205*, 221 Ariz. 592, 594–95 ¶¶ 7–11 (App. 2009). If a plaintiff does not comply with the notice-of-claim statute, the claim is barred. A.R.S. § 12–821.01(A) ("Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon."). The notice-of-claim statute, however, is "subject to waiver, estoppel and equitable tolling." *Jones v. Cochise Cnty.*, 218 Ariz. 372, 379 ¶ 22 (App. 2008) (citation omitted).

### A.    The Superior Court Did Not Err by Ruling on Perez's Waiver Argument.

**¶8**      Perez argues that whether the District waived its notice-of-claim defense was a question of fact for the jury, not the judge, to decide. Not so. The superior court should determine whether a defendant waived the notice-of-claim defense when the facts relating to waiver are uncontested and only legal questions are in dispute. *Jones*, 218 Ariz. at 380–81 ¶¶ 28–29; *see also City of Phoenix v. Fields*, 219 Ariz. 568, 575 ¶ 30 (2009) ("Any defense a public entity may have as to the sufficiency of a

notice of claim is apparent on the face of the notice. This is a matter that courts can quickly and easily adjudicate early in the litigation.").

**¶9**        Perez raised two waiver arguments in response to the District's motion to dismiss. He first alleged that the District most likely had actual notice of his claim because he served Patterson with the notice and "it is credible that, at a minimum," Patterson shared the contents of the notice with the governing board. But even if this were true, actual notice does not excuse the failure to comply with the notice-of-claim statute. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527 ¶ 10 (2006) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12–821.01(A)." (citation omitted)).

**¶10**       Perez next argued that the District "may have conducted some minimal investigation into the cause of his injuries" sufficient to waive the notice-of-claim defense. But again, this is mere conjecture on Perez's part and is therefore insufficient as a matter of law to establish a question of fact about waiver. *See Jones*, 218 Ariz. at 379 ¶ 23 ("Waiver by conduct must be established by evidence of acts inconsistent with an intent to assert the right." (citation omitted)). Waiver is appropriate "when a governmental entity has taken substantial action to litigate the merits of the claim that would not have been necessary had the entity promptly raised the defense." *Id.* at 380 ¶ 26. Here, the District raised its notice-of-claim defense in its first pleading. It had not answered the complaint or in any way litigated the merits of this case. Nor had it engaged in disclosure or discovery. Thus, on this record, the superior court did not err by rejecting Perez's arguments that the District waived its notice-of-claim defense as a matter of law.

### B.    Perez Was Not Entitled to Equitable Tolling of the Notice-of-Claim Statute.

**¶11**       Perez also challenges the superior court's finding that he failed to show "extraordinary circumstances" justifying equitable tolling of the notice-of-claim statute. We review the court's decision not to apply equitable tolling for an abuse of discretion. *McCloud v. State*, 217 Ariz. 82, 86–87 ¶ 10 (App. 2007).

**¶12**       A plaintiff may bring an action after expiration of the limitations period if he or she has been "prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Id*. at 87 ¶ 11 (citation omitted). The plaintiff bears the burden of proving the statute has been equitably tolled. *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421 (App.

1987). Equitable tolling is to be used sparingly but may be applied when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *See McCloud*, at 87 ¶ 13 (citations omitted).

¶13    Perez asserted as extraordinary circumstances his reasonable reliance on the process server's assurance of service on the District's governing board on March 3, 2022, and that affidavits of service were available. He also contends that the process server attempted to serve the governing board on February 7 and 8, 2022, but was unable to complete service on those dates because the governing board was unavailable, leaving him no choice but to wait until the next time they met, on March 3, 2022.

¶14    For support, Perez relies on *Kyles v. Contractors/Engineers Supply, Inc.*, 190 Ariz. 403 (App. 1997). In *Kyles*, this court applied equitable tolling when the plaintiff failed to file his complaint within 90 days of receiving his right-to-sue notice from the Arizona Civil Rights Division ("ACRD"). *Id*. at 404–06. There, equitable tolling was appropriate because the ACRD's right-to-sue notice erroneously stated that the plaintiff had a year to file his complaint, rather than 90 days, and he was "entitled to rely on the deadline in the notice from the [A]CRD." *Id.* at 406.

¶15    Unlike the plaintiff in *Kyles*, Perez here did not establish that equitable tolling was appropriate. Perez did not allege that the District misrepresented the notice-of-claim deadline or misled him in any way. *See Porter v. Spader*, 225 Ariz. 424, 428 ¶ 11 (App. 2010) (recognizing that, as a matter of equity, a limitations period may be tolled when a defendant affirmatively defrauded or misled the plaintiff). He missed the deadline because he accepted the process server's assurances that service was complete on March 3, 2022, which was over a week past the deadline, and he then went another five months without reviewing the process server's affidavits or otherwise confirming service.

¶16    The governing board's meeting schedule also did not place Perez in an untenable or inequitable situation. Perez asserted that the governing board's unavailability and infrequent meeting schedule constituted extraordinary circumstances sufficient for equitable tolling to apply. But Perez provided no support for this contention, and the superior court was not required to infer that the governing board's unavailability on February 7 and 8, 2022, meant that it was unavailable for the rest of the month. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n. 10 (9th Cir. 2002) (the superior court "need not draw *all* possible inferences in [the non-moving party's] favor, but only all *reasonable* ones"; inferences are not

reasonable if they are based on "mere speculation, conjecture, or fantasy" (citation omitted)). The superior court therefore did not abuse its discretion in finding that "extraordinary circumstances" that justified the application of equitable tolling did not exist.

## II. The Superior Court Erred by Dismissing Perez's Claim Against Patterson.

**¶17** Perez next argues the superior court erred by *sua sponte* dismissing the complaint against Patterson. He asserts he timely served Patterson with the notice of claim and he did not address Patterson's status as a defendant in his response to the motion to dismiss, or at oral argument, because the District did not move to dismiss his claim against Patterson.

**¶18** Rule 12(b)(6) dismissals on a court's own motion are discouraged in Arizona because the process (1) "eliminates the traditional adversarial relationship"; (2) "causes inefficiencies in the judicial process as a whole"; and (3) "may give the appearance that the judiciary is a proponent rather than an independent entity." *See Acker v. CSO Chevira*, 188 Ariz. 252, 256 (App. 1997) (citing *Franklin v. Oregon State Welfare Division*, 662 F.2d 1337, 1341–42 (9th Cir. 1981)). When appropriate, a court may dismiss an action on its own motion for failure to state a claim "but only after the court takes the proper procedural steps." *Id.* (quoting *Franklin*, 662 F.2d at 1341–42). These procedural steps include:

> [T]he court must notify the plaintiff of the proposed action and afford him an opportunity to submit written argument in opposition. In addition, the court must give a statement of the reasons for the dismissal, and an opportunity to amend unless the complaint is clearly deficient.

*Id.* Here, the record shows that the court failed to take any of these procedural steps before dismissing the complaint against Patterson. The court thus erred in dismissing Perez's claim against Patterson.

## III. Punitive Damages

**¶19** Perez argues that the superior court acted prematurely in dismissing his request for punitive damages because he did not have the opportunity to investigate whether Patterson, the District, or any other individually named defendant, was acting within the scope of employment. Perez also argues, for the first time on appeal, that the court should not have dismissed his request for punitive damages against the District because the

District is vicariously liable for the negligent or tortious acts of its employees, including Patterson.

**¶20**　　Perez's argument has no merit because the superior court dismissed the complaint on notice-of-claim grounds and needed not—and therefore did not—resolve the District's assertion that A.R.S. § 12–820.04 barred an award of punitive damages. Perez has also waived any argument about the District's vicarious liability for punitive damages by not raising it in the superior court. *See Odom v. Farmers Ins. Co. of Arizona*, 216 Ariz. 530, 535 ¶ 18 (App. 2007) (finding that "arguments raised for the first time on appeal are untimely and deemed waived"). Even if not waived, Perez's argument that the court erred by dismissing the punitive damages request against the District is moot because we affirm the court's dismissal of his claim against the District. *See Bd. of Supervisors v. Robinson*, 105 Ariz. 280, 281 (1970) (finding courts do not decide moot issues).

**¶21**　　Finally, because the court erred by dismissing the claim against Patterson, and we remand for that reason, we do not decide whether A.R.S. § 12–820.04 bars Perez's punitive damages request against Patterson. On remand, the superior court may make findings on this issue as it deems appropriate.

## CONCLUSION

**¶22**　　We affirm the superior court's order dismissing the complaint against the District. We vacate the portion of the order dismissing the complaint against Patterson and remand for further proceedings.

