Patricia **HENTOSH**, Ph.D.,
Plaintiff–Appellant,

v.

**HERMAN M. FINCH UNIVERSITY OF HEALTH SCIENCES/THE CHICAGO MEDICAL SCHOOL** and Samson T. Jacob, Ph.D., Defendants–Appellees.

No. 98–2511.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 12, 1998.

Decided Feb. 9, 1999.

Ronald B. Schwartz (argued), Hedberg, Tobin, Flaherty & Whalen, Chicago, IL, for Patricia Hentosh.

Michael R. Booden (argued), Chicago Medical School–University of Health Sciences, North Chicago, IL, for Herman M. Finch University of Health Sciences/The Chicago Medical School.

Fay Clayton, Robinson, Curley & Clayton, Chicago, IL, for Samson T. Jacob.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Patricia Hentosh sued her employer Herman M. Finch University of Health Sciences/The Chicago Medical School ("University") for sexual harassment under Title VII of the Civil Rights Act of 1964 and the University and Dr. Samson Jacob, former chairman of the University's Department of Pharmacology & Molecular Biology ("Department"), for common law fraud.

From 1990 until the present, Patricia Hentosh has been employed by the University, first as an Assistant Professor and currently as an Associate Professor in the Department. According to her complaint, Jacob served as chairman of the Department at the time Hentosh was hired and supervised her until his resignation on December 25, 1995. Hentosh alleged that during his tenure as chairman of the Department, Jacob engaged in a pattern and practice of sexual favoritism in the workplace. To this end, Jacob made unwanted and unwelcome sexual demands on at least four women (not including Hentosh) who worked in the Department with Hentosh. Jacob also allegedly conducted a sexual relationship with one of the female assistant professors, and Hentosh claimed that this professor received more favorable terms and conditions of employment than other faculty members of the Department as a result of her alleged relationship with Jacob.

Hentosh filed an administrative charge with the EEOC against the University on March 27, 1997, and subsequently filed suit in federal district court. She submitted that Jacob's conduct created a hostile work environment and that the University failed to take steps to combat his conduct despite the University's knowledge of it. The University moved to dismiss Hentosh's complaint pursuant to Fed.R.Civ.P. 12(b)(6) and (c), and the district court granted this motion.

The district court's decision to grant the University's motion to dismiss rested on two separate grounds. First, the court concluded that Hentosh's allegations, as a matter of law, did not rise to the level of an abusive, hostile work environment. The court reasoned that the complaint did not contain any allegations that Hentosh was personally subjected to sexual harassment in the form of unwarranted sexual advances or that she personally witnessed any of the incidents of sexual harassment by Jacob. Moreover, Hentosh did not allege that the sexual harassment was so pervasive as to affect her ability to perform her job. This conclusion was bolstered by the fact that, in opposing the University's motion to dismiss, Hentosh stated that "she was not aware of the specific accusations of sexual harassment until after Dr. Jacob resigned as department Chairman" on December 25, 1995. In the view of the district court, this statement established that Hentosh did not subjectively perceive Jacob's conduct to alter the terms and conditions of her employment, and it was only in retrospect that Hentosh felt harmed. The court also reasoned that Hentosh's allegations of favoritism by Jacob based on a consensual relationship with another professor in the Department failed to establish a hostile work environment because it evidenced discrimination based on something other than gender.

█ Alternatively, the district court concluded that even if Hentosh had successfully alleged a hostile work environment, her claim would be time barred. This conclusion was based on the fact that under the applicable statute, Hentosh was required to file her administrative charge with the EEOC within 300 days of the alleged discriminatory conduct forming the basis of her complaint. Hentosh filed her administrative charge with the EEOC more than fifteen months after

Jacob resigned as Department chairman—well outside the statutorily required time limit within which to file. In addition to determining that she failed to file her administrative charge with the EEOC in a timely manner, the district court concluded that the complaint Hentosh filed in federal court did not provide any reason to toll the filing requirement.[1]

Hentosh now appeals this decision. Because we agree that Hentosh's complaint was time barred, we affirm.

## Analysis

The University moved to dismiss Hentosh's complaint pursuant to Fed. R.Civ.P. 12(b)(6) and (c).[2] We review *de novo* a district court's decision to grant a motion to dismiss under either Rule 12(b)(6) or Rule 12(c), accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir.1998); *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993). "Accordingly, [such motions] should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). We view the facts in the complaint in the light most favorable to the non-moving party. *See Craigs*, 12 F.3d at 688; *Thomason*, 888 F.2d at 1204.[3]

The district court rested its decision to grant the University's motion to dismiss on two grounds: Hentosh's complaint did not allege facts sufficient to support a claim for sexual harassment and her complaint was time barred because she failed to file a timely charge with the EEOC. Either conclusion would be a sufficient ground for the district court's decision to grant the University's motion to dismiss. At the outset, we note that our consideration of whether Hentosh's complaint was time barred is dispositive of this appeal. Hentosh has waived her right to challenge the district court's conclusion on this issue because she failed to address this issue in her opening brief. Arguments not raised in an opening brief are waived. *See Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir.1990). Even if we were to consider the arguments Hentosh raised in her reply brief on this issue, her arguments are without merit.

In order to bring suit in federal court under Title VII for sexual harassment, a plaintiff must have filed a charge with the EEOC detailing the incident(s) forming the basis of the plaintiff's allegations within 300 days of the date of the occurrence of the alleged discriminatory conduct or event. 42 U.S.C. § 2000e–5(e); *see also EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 970

---

1. Upon dismissing Hentosh's federal claims, the district court also dismissed Hentosh's remaining state law claim for fraud in the inducement against both the University and Jacob. The district court properly recognized that in order to minimize judicial involvement in matters of state law, federal courts should not retain jurisdiction over supplemental state claims once all federal claims have been dismissed. *See Carr v. CIGNA Securities, Inc.*, 95 F.3d 544, 546 (7th Cir.1996).

2. The University filed its motion to dismiss in lieu of filing an answer. Although the district court made no distinction as to whether it was deciding the motion as one made under Rule 12(b)(6) or Rule 12(c), as a practical matter, the label affixed upon the motion by the University is of little consequence because "[w]e review a motion pursuant to Rule 12(c) under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b)." *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995) (citation omitted).

3. Hentosh submitted a revised affidavit in support of her response to the University's motion to dismiss, which the district court refused to consider because the court characterized the affidavit as a matter outside the pleadings. If matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided by Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b) & (c). However, we have stated that "[a] plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief" in order to defeat a motion to dismiss if these facts are consistent with the allegations in the complaint. *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir.1992); *see also Stevens v. Umsted*, 131 F.3d 697, 705 (7th Cir.1997). The district court recognized this and ultimately considered the contents of the affidavit at issue when the court denied Hentosh's motion for reconsideration.

(7th Cir.1996) ("Illinois is a 'deferral state,' and so the limitation period runs for 300 days from the date of the alleged discrimination."); *Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 707 (7th Cir.1995). When a plaintiff fails to do so, the complaint is untimely.

■ In the present case, the allegedly discriminatory conduct ceased, at the very latest, on the date of Jacob's resignation, and the 300 day period within which Hentosh could file her charge commenced. *See, e.g., Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir.1994) (concluding that under the facts of that case, the 300 day period within which to file a charge of sexual harassment commenced, at the latest, when the supervisor allegedly engaging in the discriminatory conduct against the plaintiff was transferred and ceased having contact with the plaintiff). Hentosh did not file her administrative charge until more than fifteen months after Jacob resigned as her supervisor, clearly outside the 300 day period to file her charge with the EEOC. However, the examination of the timeliness issue does not stop at this point. The timely filing of an EEOC charge is not a jurisdictional prerequisite to filing a federal lawsuit, but rather, is more akin to a statute of limitations and subject to waiver, estoppel, and equitable tolling under appropriate circumstances. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

■ Hentosh contends that the doctrines of equitable estoppel and equitable tolling each constitute a separate basis for concluding that her charge of discrimination was timely. Equitable estoppel—sometimes referred to as fraudulent concealment— "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time," *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir.1990), "such as by hiding evidence or promising not to plead the statute of limitations," *Speer v. Rand McNally & Co.*, 123 F.3d 658, 663 (7th Cir.1997) (quoting *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir.1995)). *See also Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 292 (7th Cir.1986) (stating that equitable estoppel may be available when an employee's untimely filing was a result of "a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." (citation and quotations omitted)). As we explained in *Cada*, this doctrine contemplates that "the plaintiff has discovered, or ... should have discovered, that the defendant injured him, and denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." 920 F.2d at 451. The "granting of equitable estoppel should be premised on a defendant's improper conduct as well as a plaintiff's actual and reasonable reliance thereon." *Wheeldon v. Monon Corp.*, 946 F.2d 533, 537 (7th Cir.1991) (citing *Mull*, 784 F.2d at 292).

■ Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada*, 920 F.2d at 451. When determining whether a plaintiff in fact lacked such vital information, a court must consider whether a reasonable person in the plaintiff's position would have been aware of the possibility of a claim of sexual harassment. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1135–36 (7th Cir.1994) (discussing equitable tolling in the context of the ADEA). Equitable tolling "often focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant." *Wheeldon*, 946 F.2d at 536 (quoting *Mull*, 784 F.2d at 291). Unlike the doctrine of equitable estoppel, the applicability of equitable tolling does not turn on any effort by the defendant to prevent the plaintiff from filing suit. *Cada*, 920 F.2d at 451.

■ Hentosh has not pointed to any portion of her complaint or her revised affidavit that convinces us that either the doctrine of equitable estoppel or equitable tolling should apply in this case. We can dismiss her arguments concerning the doctrine of equitable estoppel in summary fashion. In urging the application of equitable estoppel, Hentosh argues that it is "a reasonable inference ... [that] Dr. Jacob attempted to hide his sexual harassment of each of the women referenced in the charge of discrimination" and "[o]nly

after his resignation as Department chairman did this information gradually come to light." Consequently, Hentosh asserts that she had 300 days to file her charge of discrimination once she obtained enough information to suspect discrimination. Neither her complaint nor the revised affidavit make any other allegation supporting the application of the doctrine of equitable estoppel. In order for the doctrine of equitable estoppel to apply, the plaintiff must point to some conduct by the defendant beyond the defendant's wrongdoing upon which the plaintiff's claim is founded or inferences that may be drawn therefrom. *Cada*, 920 F.2d at 451. Hentosh has not identified any actions taken by the University that may have prevented her from filing her administrative charge in a timely manner.

Hentosh's contentions regarding the applicability of equitable tolling are equally unpersuasive. In her revised affidavit, Hentosh stated that she did not possess sufficient information to file her charge of discrimination until September 1996—the time she learned that the co-worker who had an affair with Jacob received salary release money and that Jacob allegedly sexually harassed other women in the Department. Her affidavit further details various examples of egregious conduct engaged in by Jacob toward other women, but Hentosh submits that she did not become aware of this conduct until well after his resignation. Again, Hentosh reasserts her position that she was not able to obtain enough information regarding the existence of a claim because it is reasonable to infer that Jacob was secretive about his sexually harassing conduct.

We stressed in *Cada* that the applicability of equitable tolling turns on whether a reasonable person would be aware of the "possibility" of a claim of discrimination. 920 F.2d at 451. Assuming the allegations in her complaint and her revised allegations are true, as we must, Hentosh makes absolutely no showing that a reasonable person exercising due diligence would not have been aware of the possibility of a claim based on the sexual harassment she claims to have experienced as a result of the supposed hostile work environment. Indeed, neither her complaint nor her revised affidavit even allege that she exercised due diligence in order to obtain the information essential to filing her suit. Rather, she simply explains when the information upon which she bases her claim came to light. Such considerations mitigate against the application of equitable tolling.

Even if we were to consider equitable tolling to be applicable, tolling does not provide a plaintiff with an automatic extension of indefinite duration; the plaintiff must file his charge with the EEOC within a reasonable period of time. *See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 268 (7th Cir. 1995); *Cada*, 920 F.2d at 453. Hentosh asserts she did not become aware of the possibility of her claim of sexual harassment until September 1996. However, she waited until March 27, 1997, to file her charge with the EEOC—almost seven months after she claims to have become aware of the possibility of a claim. As a justification for the dilatory filing of her charge with the EEOC, Hentosh submits that she was attempting to resolve the issue within the Department and waited to file her charge until these efforts proved unsuccessful. Equitable tolling does not permit plaintiffs to arrogate to themselves an unlimited period of time within which to file their charge with the EEOC, and such a result would certainly arise if we permitted plaintiffs to circumvent the statutory time limit by merely claiming they were engaged in their own endless efforts to resolve the case with their employer internally. Indeed, as we have explained (albeit in a different context), the filing of a charge with the EEOC serves the purpose of "affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994). To accept Hentosh's argument on this point would be to undermine severely the significance of filing a charge with the EEOC—a step we are unwilling to take.

## Conclusion

In sum, we agree with the district court that the complaint filed by Hentosh was time barred even had she not waived this argument on appeal by not raising it in her opening brief. Because this conclusion is

dispositive of the case before us, we confine our analysis to this issue and make no determination with respect to whether Hentosh's complaint alleged facts sufficient to establish a claim of hostile work environment as a matter of law. Accordingly, we AFFIRM.