**SPEARMAN INDUSTRIES, INCORPORATED,**
Plaintiff,

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
Defendant.

No. 00 C 1581.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 8, 2000.

---

Kevin John Moore, John David Silk, Rothschild, Barry & Myers, P.C., Chicago, IL, for Plaintiff.

Roderick T. Dunne, Daniel C. McCabe, Peterson & Ross, Chicago, IL, for Defendant.

### ORDER

ALESIA, District Judge.

**A. *Motion for judgment on the pleadings***

Before the court is defendant St. Paul Fire and Marine Insurance Company's ("St.Paul") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For the following reasons, the court denies St. Paul's motion for judgment on the pleadings.

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Med. Sch.,* 167 F.3d 1170, 1173 & n. 3 (7th Cir.1999). Thus, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992).

In this case, Spearman Industries, Incorporated ("Spearman") alleges that St. Paul has failed to provide coverage under an insurance policy which provides, among other things, property protection for damage to Spearman's roof. St. Paul, however, alleges that, pursuant to the terms of the insurance policy, the parties must first submit the claim to an appraiser. Accord-

ingly, this is a matter of contract interpretation.

■ In Illinois, the court is to interpret the contract as a whole, "in a way that gives effect to all terms, in the light of their ordinary meaning." *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 144 (7th Cir.1996) (citing *In re Hallas*, 104 Ill.2d 83, 83 Ill.Dec. 540, 470 N.E.2d 960, 965 (1984)). When the terms of the contract are clear, the court must give the terms their ordinary meaning. *Id.* at 144–45. However, if the contract is ambiguous, "the contract's meaning is a question for the trier of fact." *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 705 (7th Cir.1995); *see LaSalle*, 76 F.3d at 145. Ambiguity exists if the language of the contract is " 'reasonably and fairly susceptible to more than one meaning.' " *ECHO*, 52 F.3d at 705 (citing *Metalex Corp. v. Uniden*, 863 F.2d 1331, 1333 (7th Cir.1988)).

Applying these principles to this case, the court finds that the terms relating to the general rules of the contract are unambiguous. Furthermore, neither party alleges any ambiguity in these terms. Accordingly, this court will give these contract terms their ordinary meaning. The contract clearly states:

*If your policy includes property insurance and agreement can't be reached on the amount of property loss or the value of the property,* the following procedure will be used:

    1.  One of us will make a written demand for an appraisal.

    2.  Each will select a competent and impartial appraiser and notify the other of the selection within 30 days of the demand.

    3.  The appraisers will select a competent and impartial umpire. If they can't agree on an umpire, either may ask that one be selected by a judge of a court having jurisdiction.

    4.  The appraiser will state separately the amount of the loss and the value of the property. If they don't agree, they'll submit their appraisals to the umpire. Agreement of two out of three will be binding....

*No one can sue us to recover under this policy unless all of its terms have been lived up to.*

(Def.'s Answer Ex. A at 2–3.) On July 1, 1999, St. Paul sent a letter to Spearman's attorney demanding an appraisal. (Pl.'s Compl. Ex. G.) However, Spearman declined to submit to the appraisal process contending, that because St. Paul claimed the damage to be from wear and tear, and thus, not covered by the policy, the dispute was over the causation of the damage and not the amount of property loss or the value of the property. (*Id.* Ex. H.) The court agrees with Spearman's contention that (1) the parties are disputing the cause of the damage and not the value of the damage and (2) the policy does not require an appraisal on the matter of causation. Thus, because causation is a matter for the courts—not an appraiser—to decide, the court denies St. Paul's motion for judgment on the pleadings pursuant to Rule 12(c).

### B. *Motion to strike*

■ Also before the court is St. Paul's motion to strike portions of paragraph 25 in Count II of Spearman's Amended Complaint. St. Paul brings this motion pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f) "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Generally, motions to strike are disfavored and usually denied. *Tatum v. Davis*, No. 95 C 1341, 1996 WL 388405, at *1 (N.D.Ill. July 9, 1996). The court, however, may grant the motion if the moving party demonstrates that "the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Trustmark Life Ins. Co. v. University of Chicago Hosps.*, No. 94 C 4692,

1996 WL 68009, at *1 (N.D.Ill. Feb.14, 1996).

St. Paul does not assert that the allegations in the amended complaint contain "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Therefore, the court will treat the motion as a motion to dismiss those portions of paragraph 25 pursuant to Federal Rule of Civil Procedure 12(b)(6). As stated previously, when deciding a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations in the amended complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co.* 976 F.2d at 1019.

St. Paul argues that subparagraphs (a), (b), (d), (e), (i), and (n) of paragraph 25 should be dismissed because they consist of bare legal conclusions. Of course these subparagraphs consist of bare legal conclusion as the subparagraphs are quoted sections of an Illinois statute which form the basis for Count II. As it stands, St. Paul is not asking the court to dismiss a cause of action; St. Paul is merely asking the court to strike certain subparagraphs. Accordingly, the court denies St. Paul's motion to strike.