Patrick A. FLAYTER, Plaintiff–
Appellant,

v.

WISCONSIN DEPARTMENT
OF CORRECTIONS, et al.,
Defendants–Appellees.

No. 00–4079.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 17, 2001 *.

Decided Aug. 17, 2001.

---

* Appellees notified this court that they were never served with process in the district court and would not be participating in this appeal, which has been submitted without a brief from them. After an examination of the ap-

pellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. MANION, Hon. ILANA DIAMOND ROVNER, Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

Patrick Flayter, an inmate of the Wisconsin Department of Corrections ("DOC"), sued the DOC and a number of its employees under 42 U.S.C. § 1983 alleging in relevant part that his Eighth Amendment rights were violated by the defendants' failure to provide him with proper medical care. The district court dismissed the complaint under the screening mechanism of 28 U.S.C. § 1915A for failure to state a claim, and recorded a strike against Flayter pursuant to 28 U.S.C. § 1915(g). Flayter appeals, and we affirm.

Flayter's complaint is too lengthy to summarize in detail, but in essence alleges the following. In 1990 Flayter fell at work, injuring his back and severely fracturing several ribs. From the time he was incarcerated in March 1991 until he was transferred to a privately-run prison in Tennessee in March 1998, the DOC and its employees failed to properly treat Flayter for lingering pain from his rib injury. Flayter acknowledges in his complaint, however, that he was seen by numerous doctors during his incarceration at DOC facilities, received numerous medications for his various ailments, and underwent numerous procedures including an ultrasound, an endoscopy, and X-rays. Flayter asserts that all the treatment he received was ineffective and improper and that the defendants deliberately caused him to suffer.

Flayter's complaint is 116 pages long with 242 separate paragraphs. It is in clear violation of Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition to being lengthy, the complaint sets forth in tedious and difficult-to-follow detail what appears to be every request for medical attention Flayter made while in the DOC's custody and every medical examination he has had since his injury in 1990. Some of the paragraphs in the complaint span several pages and contain allegations relating to numerous different incidents and defendants. Although the allegations are set forth in chronological order, they do not clearly set forth the alleged wrongful actions of the defendants. Flayter filed with the complaint a folder of exhibits—by his

own estimate, approximately 760 pages of material—apparently containing all of his medical records since 1990. The complaint would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading. A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). Here, Flayter's complaint is anything but a "short and plain" statement of his claim, and the district court could have dismissed it for violating Rule 8. However, because the district court chose to analyze the complaint on its merits, we do so as well. *Id.* at 776.

█ Preliminarily, we note that Flayter has raised on appeal only the dismissal of his Eighth Amendment claim for the denial of medical care, and has therefore waived any challenge to the dismissal of the remaining claims in his complaint. *Hentosh v. Herman M. Finch Univ. of Health Sciences/ The Chicago Medical School*, 167 F.3d 1170, 1173 (7th Cir.1999). With respect to his medical care claim, Flayter argues that the district court failed to "read his pro se complaint ... liberally" and erred in dismissing it because it shows that "there are violations of plaintiff's rights by failing to provide adequate and timely medical diagnosis, care and treatment over a six and a half year period of time." We review the district court's decision to dismiss Flayter's complaint *de novo*. *Sanders v.. Sheahan*, 198 F.3d 626, 626 (7th Cir.1999). A complaint may be dismissed if it appears that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Weiss v.. Cooley*, 230 F.3d 1027, 1029 (7th Cir.2000).

█ Flayter's complaint faced a number of insurmountable obstacles. For ex-ample, neither the DOC nor any of its employees in their official capacities are proper parties to this action, because states and state agencies, as well as state officials acting in their official capacities, are not "persons" for purposes of § 1983 and are immune from suit. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ryan v. Illinois Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Additionally, a number of Flayter's allegations are barred by the statute of limitations. Flayter filed his § 1983 complaint in July 2000, and the limitations period for § 1983 actions filed in Wisconsin is six years. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir.1997); *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir.1989). Events prior to July 1994, therefore, are barred by the statute of limitations.

█ More importantly, though, Flayter pleaded himself out of court. Rather than showing that any of the defendants acted with deliberate indifference to his serious medical needs, his complaint shows that they provided Flayter with extensive medical care. *See Gutierrez v.. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997) (prisoner's detailed account of medical treatment he received precluded him from showing deliberate indifference by prison officials). According to the complaint, Flayter was seen by DOC personnel on numerous occasions, underwent numerous procedures, was sent to a number of outside doctors for examination, and received various medications for his pain. Flayter's allegations of improper treatment by the defendants show at most negligence on the defendants' part, which is insufficient to support a § 1983 claim. *Pena v. Leombruni*, 200 F.3d 1031, 1033 (7th Cir.1999), *cert. denied*, 530 U.S. 1208, 120 S.Ct. 2207, 147 L.Ed.2d 240 (2000). In addition, Flayter's main disagreement with his treatment ap-

pears to be the fact that the DOC failed to send him to a pain clinic for evaluation, despite the fact that it had been recommended by outside doctors. But a medical decision not to order a specific treatment is not cruel and unusual punishment; it is at most medical malpractice, which is not properly alleged in a § 1983 action. *Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing Flayter's complaint with prejudice. Because this appeal is frivolous and Flayter is proceeding in this court *in forma pauperis,* we record a second strike against him pursuant to 28 U.S.C. § 1915(g).