

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2003

# Walker v. Frank

Precedential or Non-Precedential: Non-Precedential

Docket 00-2977

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Walker v. Frank" (2003). *2003 Decisions.* Paper 884.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/884

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No.  00-2977

———————————

LARRY WALKER,

Appellant

v.

FREDERICK K. FRANK;
THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA,
MICHAEL FISHER

———————————————————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 99-cv-5847)
District Judge: Honorable Jan E. DuBois

———————————————

Argued: December 9, 2002

Before: BECKER, Chief Judge, Roth and Smith
Circuit Judges.

(Filed: January 14, 2003)

STEVEN A. FELDMAN (Argued)
ARZA R. FELDMAN
Feldman and Feldman
Suite 150
300 Rabro Drive
Hauppauge, NY 11788

Counsel for Appellant

JOHN W. GOLDSBOROUGH
Assistant District Attorney
THOMAS W. DOLGENOS
Chief, Federal Litigation
RONALD EISENBERG
Deputy District Attorney, Law Division
ARNOLD H. GORDON
First Assistant District Attorney
LYNNE ABRAHAM
District Attorney

Counsel for Appellee

---

## OPINION OF THE COURT

---

BECKER, <u>Chief Judge</u>.

Appellant Larry Walker was convicted of second degree murder and possession of an instrument of crime in 1983 after a jury found that he had taken part in the robbery and murder of Clyde Coleman. The District Court sentenced Walker to life in prison for the murder and to a concurrent two to five years on the possession count.

In October 1985, Walker filed a petition for collateral relief under Pennsylvania's Post-Conviction Hearing Act ("PCHA"). After holding evidentiary hearings, the PCHA court denied Walker's petition in May 1994. The Pennsylvania Superior Court affirmed this decision in November 1995 and the Pennsylvania Supreme Court denied allocatur in July 1996. On November 6, 1996, Walker filed a second state collateral relief petition under what was now called the "Post Conviction Relief Act" ("PCRA"). The PCRA court

2

dismissed the petition under *Commonwealth v. Lawson*, 519 Pa. 504, 513, 549 A.2d 107, 112 (Pa. 1988) ("a second or any subsequent post-conviction request for relief will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred"), and held that "all issues raised by the defendant in his second petition were frivolous, contradicted by the record, previously litigated, or waived." Supplemental Appendix at 93. The Pennsylvania Superior Court affirmed this decision in February 1999, holding that the petition was time-barred under the PCRA's one-year time limit on filing petitions, including second or subsequent petitions, and on November 15, 1999, Walker filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania.[1]

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Walker's petition be dismissed as time-barred, because it had been filed more than one year after the final judgment in Walker's criminal case, in contravention of 28 U.S.C. § 2244 (d) (1) and that a Certificate of Appealability ("CAPP") not be granted.[2] Walker filed an objection to the R&R, asserting that his failure to comply

---

[1]42 Pa. C.S. § 9545 (b)(1) states: "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . ." Walker's conviction became final on May 19, 1985.

[2]28 U.S.C. § 2244 (d)(1) reads: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. . . ." Walker's conviction became final on May 19, 1985, but the § 2244 (d) (1) statute of limitations was not in place at that time. Theoretically, barring tolling, the earliest date the habeas statute of limitations might have applied was April 24, 1997, one year from the effective date of the Antiterrorism and Effective Death Penalty Act. Because Walker's properly filed first state petition for post-conviction review was pending until

3

with the federal deadline should be excused under the doctrine of equitable tolling. The

Magistrate Judge then issued a Supplemental Report and Recommendation ("SR&R") in

which she rejected Walker's equitable tolling argument and repeated her recommendation

that the petition be dismissed as time-barred and that a CAPP not be granted.  With one

notable exception, the District Judge approved and adopted both the R&R and the SR&R,

found that neither statutory nor equitable tolling applied, and dismissed the petition as

time-barred.  However, the District Court issued a CAPP on the issue of equitable tolling.

Walker appealed to this court.

I.

28 U.S.C §2253, as amended by § 102 of the Antiterrorism and Effective

Death Penalty Act ("AEDPA"), reads:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal
> may not be taken to the court of appeals from ---
> (A) the final order in a habeas corpus proceeding in which the detention complained
> of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant
> has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific
> issue or issues satisfy the showing required by paragraph (2).

In *United States v. Cepero*, 224 F.3d 256, 259-62 (3d Cir. 2000), this Court held that it

does not have jurisdiction under § 2253 (c) to review the denial of a § 2255 habeas petition

---

July 23, 1996, however, in this case the earliest date at which the time-bar might have
applied was July 23, 1997.

if the certificate of appealability issued by the District Court is invalid.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the U.S. Supreme Court laid out the standard for the proper issuance of a CAPP when, as here, a District Court has denied a § 2255 petition on procedural grounds. The Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA[3] should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478. Appellee Frank argues that the CAPP issued by the District Court is flawed because it satisfies neither *Slack* prong and that therefore this court does not have jurisdiction to hear this case. We agree with Frank's contention that the CAPP is invalid and base our conclusion on the fact that reasonable jurists could not disagree with the District Court's procedural ruling.

The District Court held that Walker's petition was time-barred under 28 U.S.C. § 2244 (d) (1). Walker concedes that under a direct application of this statute, he had until April 24, 1997 to file his habeas petition and that he in fact did not file it until November 15, 1999. He argues, however, that the § 2244 (d) (1) time-bar was tolled under 28 U.S.C. § 2244 (d) (2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[3]While it is the practice of this Court to refer to a certificate of appealability as a CAPP, the Supreme Court uses the acronym COA.

5

claim is pending shall not be counted toward any period of limitation . . ."

As noted above, Walker filed two state collateral attacks on his conviction. The first, filed in October 1985, was denied in May 1994, this denial was upheld by the Pennsylvania Superior Court in November 1995, and the Pennsylvania Supreme Court declined review on July 23, 1996. Walker filed a second state petition on November 6, 1996. It was dismissed by the court on May 9, 1997, and the court issued an opinion for appellate review on February 11, 1998. The Superior Court affirmed this denial of collateral relief on February 23, 1999 and the Pennsylvania Supreme Court denied review on August 12, 1999. Walker's argument, in the first instance, is that his second state court collateral relief petition was "properly filed" and therefore acted to toll the § 2244 (d) (1) time-bar.

Walker concedes at the outset that "[a] state post-conviction petition dismissed on grounds of untimeliness," as his was, "does not, of course, toll the statute of limitations under the AEDPA." Walker Br. at 17. In order to overcome this hurdle, Walker argues that while it later became clear that the PCRA statute of limitations would be strictly applied, at the time that he filed his second state petition he had no way of knowing that it was time-barred. From this he draws two conclusions. The first is that statutory tolling applies because at the time he filed his second petition, it was unclear that the PCRA statute of limitations would be strictly enforced and that therefore his petition was "properly filed." The second is that because the state of the law was unclear and Walker could not have known his petition was time-barred, equitable tolling should apply. Both arguments,

6

plainly, rest on the assertion that it was unclear, at the time Walker filed his petition, what the 1995 amendments to the PCRA meant.

In order to address the statutory tolling issue, we begin with the question of the meaning of "properly filed" in this context. Walker points us first to *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), in which the Supreme Court held that an application is "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record . . ." and it "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings", for example, requirements concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." In *Lovasz v. Vaughn*, 134 F. 3d 146, 148 (3d Cir. 1998), this Court held that "'a properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. . . . If a petitioner complies with these procedural requirements, or other procedural requirements the state imposes, his petition, even a second or successive petition, is 'a properly filed application' for purposes of § 2244 (d) (2)."

The Superior Court of Pennsylvania held that Walker's second state petition was not timely filed and therefore it was not "properly filed." *Commonwealth v. Walker*, No. 2206 Philadelphia 1997, slip op. at 4-6 (Pa. Super. Feb. 23 1999). This disposes of the statutory tolling issue: Walker did not conform to state procedural requirements for filing his petition, the petition was therefore not properly filed, and consequently it did not trigger 28 U.S.C. § 2244 (d) (2)'s tolling provision.

7

This leaves the equitable tolling question.  In *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001), this court held that the "one year filing deadline contained in 28 U.S.C. § 2244 (d) (1) can be subject to equitable tolling 'only when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.'" (quoting *Miller v. New Jersey Dept. of Corr.*, 145 F. 3d 616, 618 (3d Cir. 1998).  Walker argues that because he could not have known that his second petition would be time-barred at the time he filed it, he was prevented in an "extraordinary" way from filing his habeas petition on time. This argument rests, in the first instance, on the assertion that it was unclear, at the time he filed his second petition, that it was time-barred.

Walker is able to point to some case law that suggests that, at the time he filed his second state petition, it was unclear that petition would be time-barred.  Specifically, these cases evince some judicial confusion over the question of whether the Pennsylvania courts would strictly enforce the PCRA's one-year statute of limitations for filing petitions.  *See e.g.*, *Fahy v. Horn*, 240 F. 3d at 245; *Lambert v. Blackwell*, 134 F. 3d 506, 524 (3d Cir. 1998); *Weakland v. White*, 1997 U.S. Dist. LEXIS 21051 * 8 (E.D. Pa. 1997).  It appears that this confusion was cleared up by the Pennsylvania Superior Court on December 17, 1997 in *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997), and *Commonwealth v. Conway*, 706 A. 2d 1243 (Pa. Super. 1997), which held that the time-bar would be

8

strictly enforced.[4]

Even if we were to assume that equitable tolling might have applied to the time period between November 6, 1996, when Walker filed his second state post-conviction petition and December 17, 1997, the day the Pennsylvania Superior Court settled the question of how it would treat the PCRA time-bar, Walker's claim still fails because too much time elapsed between the day the tolling event ended and Walker's decision to file his habeas petition in November 1999. As the Seventh Circuit Court of Appeals noted in *Hentosh v. Herman M. Finch University of Health Sciences,* 167 F.3d 1170, 1175 (7th Cir.

---

[4]We acknowledge that some Pennsylvania federal trial courts thought that the confusion had not been completely cleared up by the Superior Court opinions, and found that it was particularly unclear how to treat situations, such as the one in the case at bar, in which the petitioner had filed his PCRA petition after the amendments to the PCRA, but before the Pennsylvania Superior Court's decision in *Alcorn* and *Conway*. *See e.g.*, *Pace v. Vaughn*, 2002 U.S. Dist. LEXIS 5473 * 26, 28-29 (E.D. Pa. 2002) ("When Mr. Pace filed his [non-capital] PCRA petition in November 1996, it was not known how Pennsylvania courts would interpret the amendments to the PCRA statute that had become effective on January 16, 1996 and had placed a new one year time-limit on PCRA petitions. From the language of the statute itself, it is not clear that the time-limit is jurisdictional. . . . Although [petitioner's] case is not a death penalty case, the general practice of Pennsylvania's state courts to provide merits review to technically defaulted claims in death penalty cases . . . increased the uncertainty of the PCRA one year time-limit during the period when [petitioner] had to decide whether to file for collateral relief in state or federal court."). It was apparently in an effort to obtain clear guidance in this area that the extremely able District Judge granted CAPP in this case.

We note too that 28 U.S.C. §2253 (c) (3) requires that when a District Court issues a CAPP it must indicate which specific constitutional right it believes may have been violated. The District Court, focusing on the procedural issue, did not do so however. Because we cannot be certain which of the petitioner's constitutional rights may have been violated and because the petitioner's claim fails on the second *Slack* prong, we do not reach the question of whether Walker has satisfied the first *Slack* prong by demonstrating that jurists of reason would find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right.

1999), even in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary. Walker waited almost two years after he was put on notice that his second state petition was time-barred before he filed his habeas claim.[5]  During that period equitable tolling ceased and the 28 U.S.C. § 2253 time-bar expired.

Therefore jurists of reason could not find it debatable that the District Court's procedural ruling, that Walker's habeas petition was time-barred, is correct.  This means that the requirements of *Slack* cannot be satisfied, that the CAPP was invalid, and that under this Court's ruling in *Cepero* we lack jurisdiction to hear this case.  The appeal will be dismissed.

TO THE COURT:

Please file the foregoing opinion.

/s/ Edward R. Becker
Chief Judge

---

[5]Even if we were to assume that the equitable tolling period ended when the Pennsylvania Supreme Court ruled on the PCRA time-bar issue in *Commonwealth v. Peterkin*, 554 Pa. 547 (Pa. 1998), rather than when the Pennsylvania Superior Court issued its rulings in *Alcorn* and *Conway*, Walker still waited an unreasonably long time -- eleven months -- to file his habeas petition.