Aaron **KREILKAMP**, Plaintiff,

v.

**ROUNDY'S, INC.,** Defendant.

No. 05–C–0425–C.

United States District Court,
W.D. Wisconsin.

May 1, 2006.

Aaron Kreilkamp, pro se.

Laurie A. Petersen, Lindner & Marsack, S.C., Milwaukee, WI, for Roundy's, Inc.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for monetary and declaratory relief in which plaintiff Aaron Kreilkamp alleges violations of his rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. 42 U.S.C. §§ 2000e(2), 2000e(3). Jurisdiction exists pursuant to the general federal question statute. 28 U.S.C. § 1331 and 42 U.S.C. § 2000e–5(f)(3). In his complaint, plaintiff Aaron Kreilkamp contends that his employer, defendant Roundy's, Inc., discriminated against him because of his religion.

Presently before the court is defendant's motion for summary judgment. Defendant argues that plaintiff's claim of harassment must be dismissed because plaintiff did not allege harassment when he filed his charges of discrimination with the Wisconsin Equal Rights Commission. In addition, defendant contends that plaintiff cannot prove a prima facie case of religious discrimination because plaintiff does not maintain a bona fide observance or practice of a religious nature. I conclude that plaintiff's claim of ongoing harassment after December 18–19, 2004 must be dismissed because it is beyond the scope of the charges plaintiff filed with the EEOC. Further, plaintiff has failed to establish a prima facie case for religious discrimination. Accordingly, defendant's motion will be granted in its entirety.

■ This court's Procedures to be Followed on Motions for Summary Judgment provides that each proposed finding of fact should be proposed in a separate, numbered paragraph followed by a reference to evidence supporting the proposed fact. Procedures I.B. I and II. Further, litigants are warned that the court will not search the record for factual evidence. Helpful Tips for Filing a Summary Judgment Motion in Cases Assigned to Judge Barbara B. Crabb ¶ 2. When a party fails to comply with a district court's summary judgment procedures, the proper response is to disregard the nonconforming submissions. *Ziliak v. AstraZeneca LP,* 324 F.3d 518 (7th Cir.2003). Unfortunately, plaintiff failed to adhere to the court's summary judgment procedures. Therefore, I could not consider any of the facts he proposed. Even if I could have considered them, however, the outcome would be the same. The following facts proposed by defendant are material and undisputed.

## UNDISPUTED FACTS

During December 2004, plaintiff was employed at defendant's Copp's Food Store located at 2502 Shopko Drive in Madison, Wisconsin. The Copp's Corporation is a wholly owned subsidiary of Roundy's Supermarkets, Inc. On December 18, 2004, plaintiff was scheduled to work as a grocery bagger. At that time, front end employees were required to wear holiday theme necklaces that were for sale in the store. The necklaces featured various holiday characters, including Santa Claus, an angel, a snowman, and a gingerbread man. Wilbur Buchanan, the store director, distributed the necklaces to front end employees. Plaintiff was given a gingerbread man necklace. Although some employees asked and were permitted to wear a different necklace, plaintiff did not make such a request. He stated to Buchanan that he refused to wear the necklace because he does not wear jewelry. He did not assert that his refusal to wear the necklace was based on a religious practice or belief. Buchanan told plaintiff that he must wear one of the necklaces or be subject to suspension or possible discharge for insubordination. Plaintiff agreed to wear the necklace and worked his entire shift.

On December 19, 2004, plaintiff was scheduled again to work as a grocery bagger. Lynne Srnec, the store's employee services representative, was informed by Tammy Braxton, customer service manager, and Mark Elliott, assistant store manager, that plaintiff refused to wear the necklace outside his work smock so that it could be seen by customers. Instead, plaintiff was wearing the necklace underneath his work smock where it could not be seen. Srnec informed plaintiff that everyone working in the front end of the store was required to wear one of the necklaces so that it was visible to customers. Plaintiff responded that he was uncomfortable wearing the necklace because one of his birth parents was part Jewish.

Elliot told plaintiff that the gingerbread man necklace had no religious connotation. Nevertheless, plaintiff refused to wear the necklace.

Because plaintiff became visibly agitated, Srnec instructed him to leave work for the two hours remaining on his shift. She told plaintiff that he would be paid for his full shift despite his early departure. Further, Srnec told plaintiff he would not be disciplined in connection with his refusal to wear the necklace. Plaintiff tossed the necklace on Srnec's desk as he was leaving and told her he would not need it anymore. Srnec kept the necklace inside an envelope in her desk.

Because, plaintiff had requested time off, he was not scheduled to work at the store again until December 29, 2004. On January 6, 2005, plaintiff filed a complaint with the Wisconsin Equal Rights Division (ERD.) In the complaint, plaintiff claimed that he had been made to wear a child's necklace that featured a Christmas angel. He alleged also that he had to tell his employer of his Jewish faith to avoid termination for refusal to wear the necklace. The ERD dismissed the complaint for lack of probable cause to believe Roundy's, Inc. had violated the Wisconsin Fair Employment Law.

## OPINION

Summary judgment is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Weicherding v. Riegel,* 160 F.3d 1139, 1142 (7th Cir.1998). Evidence must be viewed and inferences must be drawn in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the nonmoving party must set forth specific facts sufficient to raise a genuine issue

for trial. *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Title VII of the Civil Rights Act prohibits employers from discharging or otherwise discriminating against an individual with respect to compensation or terms of employment on the basis of the individual's religion. 42 U.S.C. § 2000e–2(a)(1). Although an aggrieved employee cannot sue his or her supervisory agent or co-workers under Title VII, the statute permits recovery against the employer itself. *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

A. *Claims of ongoing harassment following December 18 and 19, 2004*

■ As a prerequisite for bringing a Title VII claim, a plaintiff must file charges with the Equal Employment Opportunity Commission (EEOC) detailing the alleged discriminatory conduct. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Medical School,* 167 F.3d 1170, 1173 (7th Cir.1999). Before a plaintiff may seek judicial relief, the EEOC must issue a right-to-sue letter. *Id.* On January 6, 2005, plaintiff filed a complaint with the Wisconsin Equal Rights Division (ERD), an agency of the EEOC. On April 25, 2005, the ERD dismissed plaintiff's complaint for lack of probable cause. A right-to-sue letter was issued to plaintiff on June 9, 2005.

■ The scope of subsequent claims brought in judicial proceedings is limited by the nature of the charges filed with the EEOC. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992). "An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Id.* This limitation is consistent with the principle of primary jurisdiction in the agency. Also, it gives the employer some warning of the conduct about which the employee is aggrieved and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts. *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir.1985).

■ In his complaint, plaintiff alleges ongoing harassment by defendant. He contends the harassment began immediately after the events of December 18 and 19, 2004 and "has grown to the point [illegible] I do not feel safe and happy going to work." In charges filed with the ERD on January 6, 2005, plaintiff made no mention of any ongoing harassment or continued discrimination by defendant. Instead, he indicated the dates of the first and last violations on the ERD Discrimination Complaint to be "Sat. Dec. 18–2004" and "Sun. Dec. 19–2004", respectively.

Allowing plaintiff to litigate a claim that he did not include in the charges he filed with the ERD, would circumvent the rule that the first opportunity to investigate and resolve the claim belongs to the agency which has primary jurisdiction over this matter. Accordingly, plaintiff's claim that he was subjected to harassment after December 18 and 19, 2004, will be dismissed as beyond the scope of the underlying discrimination charges plaintiff filed with the ERD.

B. *Claims of religious discrimination on December 18–19, 2004*

■ In order to establish a prima facie case of religious discrimination, an employee must show (1) a bona fide observance or practice of a religious nature that conflicts with an employment requirement, (2) that he brought the practice to his employer's attention and (3) that his employer took adverse employment action against him based on his religious observance. *Wright v. Runyon,* 2 F.3d 214, 216 n. 4 (7th Cir. 1993).

First, plaintiff has failed to identify any observance or religious practice that conflicted with an employment requirement. Had plaintiff's submission in opposition to the motion for summary judgment been admissible, it would give no indication that he held a religious belief or observed a religious practice that conflicted with defendant's requirement that he wear a gingerbread man necklace. Further, an employee cannot redefine a purely personal preference or aversion as a religious belief. *Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931 (7th Cir.2003). All indications support a conclusion that plaintiff's only suggestion of a religious observance came after he redefined his personal preference not to wear jewelry. Had plaintiff's submission been admissible, it would have supported the court's conclusion. On page "II" of a document in the record that plaintiff identifies as "EXHIBIT G", he states:

"I was Told To wear The necklace outside The smock, They said This was Company Policy, wich it was not, The Same Thing that Will Buchanan Told all The other people who work at This Copps Store.

—I Thought about my next move, I Looked at Mark Elliot That my birth father was Jewish and I was Jewish. They Looked at me and was Told Not To use my faith to Keep from wearing The Christmas neckles."

Plaintiff's admission that the decision to raise religion as a possible basis for avoiding the requirement that he wear the necklace was his "next move" suggests strongly that plaintiff's expressed religious concerns were not legitimate. Nonetheless, plaintiff has not made the necessary showing with respect to element one that he held a bona fide belief or followed a practice of a religious nature that conflicted with defendant's requirement to wear the necklace.

Second, even if plaintiff had shown a bona fide observance or practice of a religious nature that conflicted with the requirement that he wear a necklace, nothing in the facts reveal that he brought the practice to defendant's attention. Plaintiff failed to give notice on December 18, 2004 of a religious conflict, and only raised the matter on December 19, 2004. The facts reveal that on December 18, plaintiff told Buchanan that he refused to wear the necklace because he does not wear jewelry. At that time, he made no mention of a religious conflict. On December 19, after plaintiff was told by Srnec that he must wear a necklace on the outside of his smock so that it was visible to customers, plaintiff responded that he was uncomfortable wearing the necklace because a birth parent was part Jewish. Plaintiff did not notify defendant that *he* observed a particular religious practice that conflicted with the store's policy. His only claim was that a birth parent was part Jewish. This information fell short of putting defendant on notice that *plaintiff's* religious belief's conflicted with the store policy. Employers are not charged with detailed knowledge of the beliefs and observances associated with particular religious organizations. *Wright v. Runyon*, 2 F.3d 214, 216. In defendant's view, the necklace plaintiff had been asked to wear had no religious connotation, and plaintiff did not explain how wearing the necklace would conflict with his religious beliefs.

Further, affiliations alone do not establish or give notice to the company of the religious practice or belief that conflicted with the requirement. *Id.* Had plaintiff's submission in opposition to the motion for summary judgment been admissible, the facts would show that plaintiff affiliates with Christian faiths as well as the Jewish faith: the Plymouth Congregational United Church of Christ, Temple

Beth El and the Roman Catholic Church. Plaintiff attempts to dispute defendant's proposed fact that the necklace he was asked to wear was a gingerbread man. It is difficult to understand how wearing an angel, if it was an angel, would be offensive to a Christian. In any event, plaintiff makes no suggestion of the necessary showing with respect to element two that he brought it to defendant's attention that he had a particular religious belief that conflicted with the store's policy.

 Finally, even if plaintiff had made the necessary showings with respect to elements one and two, he has failed completely with respect to element three. Plaintiff makes no showing that he suffered any adverse employment action because of his religious practice. Indeed, plaintiff has not succeeded in putting in any evidence to show what his religious practice is. On December 19, 2004, plaintiff became visibly agitated after he refused to wear the necklace on the outside of his smock. Because he was agitated, Srnec instructed plaintiff to leave work for the remaining two hours of his shift. Srnec told plaintiff that he would be paid for his full shift despite his early departure and that no disciplinary action would be taken for his refusal to wear the necklace. Because plaintiff had requested time off, he was not scheduled to work at the store again until December 29, 2004. Material adverse action can be defined quite broadly, though not everything that makes an employee unhappy is actionable adverse action. *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir.1996). Plaintiff's dissatisfaction at being sent home two hours early by Srnec, with full pay and no discipline, does not rise to actionable adverse action.

After weighing all of the evidence in the light most favorable to plaintiff, I conclude that in all respects plaintiff has failed to establish that defendant discriminated against him based on his religion in violation of Title VII. Plaintiff cannot establish a prima facie case for religious discrimination because he has failed to show a bona fide observance or practice of a religious nature that conflicted with an employment requirement, and he did not bring to defendant's attention that he had a particular religious belief that conflicted with the store's policy and because no actionable adverse employment action was taken based on a religious observance.

## ORDER

IT IS ORDERED that defendant Roundy's, Inc.'s motion for summary judgment is GRANTED in its entirety.

The clerk of court is directed to enter judgment for defendant and close this case.