## UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted September 25, 2006[*]
Decided September 25, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1455

| | |
|---|---|
| JESUS MAR GARCIA,<br> *Petitioner-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 05-C-611-C |
| RICARDO MARTINEZ,<br> *Respondent-Appellee.* | Barbara B. Crabb,<br> *Chief Judge.* |

**O R D E R**

Federal prisoner Jesus Mar Garcia lost 41 days of good-time credit after the Bureau of Prisons ("BOP") found that he possessed cocaine. Garcia petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241, claiming that the BOP lacked evidentiary support for its finding and thus denied him due process by revoking his good time. The district court dismissed the petition, and we affirm.

At all relevant times, Garcia was incarcerated at a federal prison in Milan, Michigan. He was charged with possession and use of narcotics after guards discovered cocaine hidden in his cell. A disciplinary hearing officer concluded that

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Garcia and not his cellmate possessed the cocaine, and issued a report detailing the evidence supporting the finding of guilt. This evidence included written reports from guards describing how they found cocaine hidden in two places in Garcia's cell and how Garcia had access to those places, a toxicology report confirming that the substance taken from Garcia's cell was cocaine, and drug tests showing that Garcia tested positive for cocaine shortly after the cocaine was confiscated from his cell.

After exhausting his administrative remedies, Garcia filed the § 2241 petition underlying this appeal. He argued that the hearing evidence failed to establish that the white powder taken from his cell was the same substance that tested positive for cocaine, or that it was his cocaine. The district court found the chain of custody between the seized and tested powder to be adequate and also concluded that the hearing evidence supported the finding of guilt. On appeal, Garcia makes no mention of his chain-of-custody argument, and so it is waived. *See Hentosh v. Herman M. Finch Univ. Of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). He also contends for the first time on appeal that the hearing officer never gave him a written statement of the evidence the officer relied upon. We do not evaluate arguments made for the first time on appeal, and so this contention is also waived. *See Drake v. Clark*, 14 F.3d 351, 355 (7th Cir. 1994). What remains is Garcia's argument that "some evidence" does not support the hearing officer's finding of guilt. *See Superintendent, Mass. Corr. Ins., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003).

Federal prisoners have a protected liberty interest in earned good-time credits, and prison officials must afford the minimum requirements of due process before revoking those credits. *See Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). Due process requires, among other guarantees, the presence of "some evidence" in the disciplinary hearing record to support the outcome. *Hill*, 472 U.S. at 455; *Piggie*, 344 F.3d at 677. The some evidence standard is "lenient," and simply requires enough evidence to demonstrate that the disciplinary decision was not arbitrary. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 1999).

Garcia argues that the hearing evidence supports an inference that he was simply a drug user and his cellmate a supplier, and that his positive test result is insufficient to support a finding of guilt on the possession charge. Due process, however, "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The evidence described in the hearing officer's report, especially the positive test result combined with the evidence that Garcia had access to the areas of the cell where the cocaine was found, adequately points to "some evidence" that Garcia possessed cocaine. *See Webb*, 224 F.3d at 651 (noting that even flawed evidence considered in combination can constitute "some evidence"); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th

Cir. 2001) (stating that positive drug test supports inference of drug possession under the more-exacting preponderance standard).

AFFIRMED.